Frank MEECE, Petitioner,

v.

Bob MOERBE, d/b/a Bob's Air Conditioning, Respondent.

No. C–919.

Supreme Court of Texas.

April 28, 1982.

Larry Parks, Austin, for petitioner.

Dale E. Muller, Austin, for respondent.

CAMPBELL, Justice.

This is an appeal of a bill of review proceeding. The only question is whether article 5069–1.06(2) [1] authorizes an award of attorneys' fees to the bill of review defendant, Frank Meece. We hold Meece is entitled to his attorneys' fees.

Bob Moerbe, d/b/a Bob's Air Conditioning, originally filed suit against Meece

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

alleging an unpaid balance on charges for repairing an air conditioning system. Meece counterclaimed alleging the 1½% per month interest charge for late payment assessed by Moerbe was usurious. The jury found for Moerbe on all issues. However, the trial court held as a matter of law that Meece had established his counterclaim for usury. Under article 5069–1.06(2), judgment was rendered that Moerbe take nothing and that Meece receive penalties and attorneys' fees. These attorneys' fees are not contested.

The clerk of the court failed to send notice that the judgment had been signed. Moerbe subsequently filed a bill of review attacking the judgment. Meece responded and requested attorneys' fees for contesting the bill of review. The district court found Moerbe had not established a meritorious defense to the original usury claim; denied the bill of review; and awarded attorneys' fees to Meece under article 5069–1.06(2) for his successful defense of the bill of review and, if appealed, upon affirmance of the bill of review judgment.

Article 5069–1.06(2) states:

Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court. . . .

The court of appeals severed and reversed that part of the judgment awarding Meece attorneys' fees. That court held Meece must plead and prove a cause of action under the usury statute in order to recover attorneys' fees. The defense of a bill of review was not considered the equivalent of establishing an affirmative cause of action under the statute. 630 S.W.2d 278. We disagree.

The purpose of article 5069–1.06(2) is to authorize attorneys' fees for the successful prosecution of a usury claim to final judgment. While a bill of review is an equitable action, separate from the original suit, Meece had the burden of proving his origi-

nal cause of action. *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979).

Meece would have been entitled to attorneys' fees if Moerbe had been able to pursue the usual course of appeal. In *International Security Life Ins. Co. v. Spray*, 468 S.W.2d 347 (Tex.1971), this Court considered whether attorneys' fees in the event of appeal were recoverable under art. 3.62 of the Insurance Code. The Code provides that under certain circumstances the insurance company becomes liable for 12% of a loss "together with reasonable attorney fees for the prosecution and collection of such loss." We said:

> The purpose of the statute would be defeated if only the fees incurred in the trial court were recoverable and the fees incurred during the appeal remained the expense of the policyholder. No such distinction or limitation may be found in Article 3.62.

*Id.* at 349. Likewise, we find no distinction or limitation in article 5069–1.06(2) that would bar the award of attorneys' fees in a bill of review proceeding.

The part of the judgment of the court of appeals reversing the award of attorneys' fees is reversed; and the judgment of the trial court awarding Meece attorneys' fees is affirmed. The remainder of the judgment of the court of appeals is affirmed.