ACCEPTED
03-15-00287-CV
6384031
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/6/2015 11:48:43 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00287-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/6/2015 11:48:43 AM
JEFFREY D. KYLE
Clerk

GARY MIXON,
*Appellant*,

v.

GREG NELSON, AS PRINCIPAL OF MADEX CAPITAL LLC; NICK
DEFILIPPIS, AS PRINCIPAL OF BLUE STAR CAPITAL GROUP LLP;
MICHAEL MORINI, AND NORMAN R. ZUKIS,
*Appellees.*

ON APPEAL FROM THE 345TH DISTRICT COURT
OF TRAVIS COUNTY, TEXAS

**BRIEF OF APPELLANT**

Jack E. Skaggs – 24051345
Scott W. Weatherford – 24079554
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas  78701
Telephone (512) 236-2000
Facsimile (512) 236-2002
E-mail:  jskaggs@jw.com
E-mail:  sweatherford@jw.com

ATTORNEYS FOR APPELLANT
GARY MIXON

i

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties before the trial court and the names and addresses of all trial counsel and appellate counsel:

1.  Petitioner in the trial court (Appellant in this Court) and counsel:

    Gary Mixon

    Represented by:
    Jack E. Skaggs (Lead Attorney)
    State Bar No. 24051345
    jskaggs@jw.com
    Scott W. Weatherford
    State Bar No. 24079554
    sweatherford@jw.com
    JACKSON WALKER L.L.P.
    100 Congress Ave., Suite 1100
    Austin, Texas 78701
    512-236-2000 (telephone)
    512-236-2002 (facsimile)

2.  Respondents in the trial court (Appellees in this Court) and counsel:

    Greg Nelson, as principal of Madex Capital, L.L.C.
    Nick DeFilippis, as principal of Blue Star Capital Group, L.L.P.
    Michael Morini
    Norman R. Zukis

    Represented by:

| Mark R. McLean (Lead Attorney) | Jeff Meyerson |
|---|---|
| State Bar No. 24062882 | State Bar No. 00788051 |
| mrm@mlpcfirm.com | JeffM@Meyersonfirm.com |
| MCLEAN LAW P.C. | MEYERSON LAW FIRM |
| 408 W. 11th St., Suite 500 | 2224 Walsh Tarlton Lane, Suite 1220 |
| Austin, Texas 78701 | Austin, Texas 78746 |
| 512-222-5641(telephone) | 512-330-9001 (telephone) |
| 512-857-1282 (facsimile) | 512-330-9005 (facsimile) |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..........................................................II

TABLE OF CONTENTS..................................................................................III

TABLE OF AUTHORITIES ........................................................................... IV

BRIEF OF APPELLANT ..................................................................................1

STATEMENT OF THE CASE............................................................................2

RECORD AND APPENDIX REFERENCES......................................................3

STATEMENT OF ORAL ARGUMENT ...........................................................4

ISSUES PRESENTED FOR REVIEW ..............................................................5

STATEMENT OF FACTS .................................................................................6

SUMMARY OF THE ARGUMENT ..................................................................9

STANDARD OF REVIEW ..............................................................................10

ARGUMENTS & AUTHORITIES ..................................................................11

    I.    Mixon presented more than a scintilla of corroborated evidence to Create a fact Issue. ...................................................................................11

        A.  A bill of review based on defective service requires only proof that the petitioner was never served with process.............................11

        B.  Mixon has produced more than a scintilla of evidence that he was never served with process. ..........................................................13

    II.   Appellees failed to establish their entitlement to attorneys' fees. .............15

CONCLUSION ...............................................................................................18

PRAYER .........................................................................................................19

CERTIFICATE OF SERVICE ........................................................................20

CERTIFICATE OF COMPLIANCE................................................................20

APPENDIX .....................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bakali v. Bakali*,
    830 S.W.2d 251 (Tex. App.¬—Dallas 1992, no writ)................................16

*Broderick v. Kaye Bassman Int'l Corp.*,
    333 S.W.3d 895 (Tex. App.—Dallas 2011, no pet.)................................18

*Caldwell v. Barnes*,
    975 S.W.2d 535 (Tex. 1998)................................11, 12, 17

*Gulf States Util. Co. v. Low*,
    79 S.W.3d 561 (Tex. 2002) ................................16

*Hamilton v. Wilson*,
    249 S.W.3d 425 (Tex. 2008) (per curiam)................................11

*King Ranch, Inc. v. Chapman*,
    118 S.W.3d 742 (Tex. 2003)................................10

*Langdon v. Gilbert*,
    No. 0-14-00491-CV, 2014 Tex. App. LEXIS 13880 (Tex. App.—Austin
    Dec. 31, 2014, no pet.)................................13

*Mack Trucks, Inc. v. Tamez*,
    206 S.W.3d 572 (Tex. 2006)................................10

*Meece v. Moerbe*,
    631 S.W.2d 729 (Tex. 1982)................................16, 17

*Mowbray v. Avery*,
    76 S.W.3d 663 (Tex. App.—Corpus Christi 2003, pet. denied) ................................12

*Peralta v. Heights Med. Ctr., Inc.*,
    485 U.S. 80 (1988)................................12

*Polansky v. Berenji*,
    393 S.W.3d 362 (Tex. App.—Austin 2012, no pet.) ................................18

*Reynosa v. Huff*,
    21 S.W.3d 510 (Tex. App.—San Antonio 2000, no pet.)................................10

*Smith v. O'Donnell*,
   288 S.W.3d 417 (Tex. 2009)......................................................................................10

*Sung Man Min v. Avila*,
   991 S.W.2d 495 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ..........................13

*Timpte Indus., Inc. v. Gish*,
   286 S.W.3d 306 (Tex. 2009)......................................................................................10

*Travelers Indem. Co. of Conn. v. Mayfield*,
   923 S.W.2d 590 (Tex. 1996)......................................................................................11

*Unifund CCR Partners v. Villa*,
   299 S.W.3d 92 (Tex. 2009) (per curiam)..................................................................11

*Wembley Inv. Co. v. Herrera*,
   11 S.W.3d 924 (Tex. 1999) .......................................................................................11

**OTHER AUTHORITIES**

TEX. R. CIV. P. 166a(i) .....................................................................................................10

NO. 03-15-00287-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

GARY MIXON,
*Appellant*,

v.

GREG NELSON, AS PRINCIPAL OF MADEX CAPITAL LLC; NICK
DEFILIPPIS, AS PRINCIPAL OF BLUE STAR CAPITAL GROUP LLP;
MICHAEL MORINI, AND NORMAN R. ZUKIS,
*Appellees.*

ON APPEAL FROM THE 345TH DISTRICT COURT
OF TRAVIS COUNTY, TEXAS

**BRIEF OF APPELLANT**

Gary Mixon, Appellant herein and Petitioner before the trial court below, submits this brief in this appeal of the trial court's order granting a no-evidence motion for summary judgment in favor of Appellees herein and Respondents before the trial court below, and would respectfully show as follows:

1

## STATEMENT OF THE CASE

*Nature of the Case*:

Appellant Gary Mixon ("Appellant" or "Mixon") filed a Petition for Bill of Review against Greg Nelson, as principal of Madex Capital, L.L.C., Nick DeFilippis, as principal of Blue Star Capital Group, L.L.P., Michael Morini, and Norman R. Zukis ("Appellees") after Appellees obtained a default judgment against Appellant that included an award of $200,000 in economic damages and $400,000 in punitive damages. (CR 36–37). Appellant filed the Petition for Bill of Review because Appellees failed to properly effect service in the underlying lawsuit. (CR 3–44).

*Parties*:

Appellant is Gary Mixon.

Appellees are Greg Nelson, as principal of Madex Capital, L.L.C., Nick DeFilippis, as principal of Blue Star Capital Group, L.L.P., Michael Morini, and Norman R. Zukis.

*Course of proceedings*:

Appellees filed their No-Evidence Motion for Summary Judgment on March 10, 2015 (CR 79–118).

*Trial Court:*

345th Judicial District Court, Travis County, Texas, Cause No. D-1-GN-14-004368

*Trial court disposition*:

The trial court (The Honorable Gisela D. Triana presiding) granted Appellees' No-Evidence Motion for Summary Judgment and dismissed Appellant's Petition for Bill of Review on April 24, 2015. (CR 161–62) (Tab A).

2

# RECORD AND APPENDIX REFERENCES

CR     Clerk's Record

  Citation to documents included in the Appendix will be noted by "(Tab [Letter])" next to the Clerk's Record citation.

## STATEMENT OF ORAL ARGUMENT

Because the issues are clear, Appellant believes oral argument will not materially aid the Court's resolution of this appeal.

## ISSUES PRESENTED FOR REVIEW

**Issue No. 1:** Appellant offered more than a scintilla of evidence to create a fact issue regarding whether he received service of process in the Underlying Lawsuit.

**Issue No. 2:** Appellees failed to establish a statutory or contractual basis demonstrating their entitlement to an award of attorneys' fees.

## STATEMENT OF FACTS

Appellees filed a lawsuit against Mixon and five other defendants alleging fraud, negligent misrepresentation, violation of the Texas State Securities Act, gross negligence, breach of contract, and breach of fiduciary duty (the "Underlying Lawsuit"). (CR 12–33). In their Original Petition, Appellees represented that Mixon resided at 35 Persimmon in Boerne, Texas. (CR 15). However, Mixon moved from that address prior to the filing of the Underlying Lawsuit. (CR 39).

After several failed attempts at service, Mixon first became aware of the Underlying Lawsuit in September 2013 when Appellees served a subpoena on Mixon's ex-wife, Linda Komperda. (CR 128). Appellees issued the subpoena to confirm the correct address for Mixon. (CR 109). At a hearing on November 1, 2013, Ms. Komperda testified that she lived with Mixon at 116 Cave Circle in Boerne, Texas, and the trial court issued an order for substitute service at that address. (CR 105). Specifically, the trial court ordered substitute service by "posting a true and correct copy of the citation and the attached petition on the front door [at] 116 Cave Circle, Boerne, Texas 78006." *Id*.

According to his affidavit, process server Margarito Vasquez accomplished service the next day by posting a copy of the citation and original petition "to the front door of the property of Gary Mixon . . . at the address of 116 Cave Circle." (CR 114). However, Mixon never received the citation or original petition

purportedly attached to his front door, so he called the clerk of the Travis County District Court to inquire whether their records showed that he had been served. (CR 133, 143). On that call, the clerk told Mixon that he had not been served. (CR 143–144).

Later that month, Mixon moved from the house located at 116 Cave Circle to a different location in Boerne, Texas. (CR 144). At no point in time during the month of November did Mixon receive service of citation in the Underlying Lawsuit. (CR 144.).

The next month, Appellees filed a Motion for Default Judgment against Mixon. (CR 7). Appellees did not even attempt to serve Mixon with this motion. (CR 7–8). Moreover, the Certificate of Last Known Address filed by Appellees identified the incorrect address for Mixon. (CR 8). Accordingly, Mixon did not receive notice of the Motion for Default Judgment or notice of the hearing. (CR 144).

The Court entered a default judgment against Mixon on January 17, 2014. (CR 36–37). The Court awarded Appellees $400,000 in punitive damages and $200,000 in economic damages. *Id.* Mixon did not immediately receive notice of the default judgment because all notices were sent to Mixon's previous addresses. (CR 140–141). Instead, Appellees deliberately waited until 30 days after the entry of the default judgment to attempt to serve Mixon with notice of the default

judgment.  (CR 121).  However, Appellees once again served Mixon at the wrong address.  (CR 121).

Mixon first learned of the purported service of citation and default judgment in June 2014, over 7 months after the alleged date of service.  (CR 144).

## SUMMARY OF THE ARGUMENT

The trial court erred in granting Appellees' No-Evidence Motion for Summary Judgment and awarding Appellees their attorneys' fees incurred in defending the Petition for Bill of Review.

**First,** Appellees' No-Evidence Motion for Summary Judgment fails because Mixon presented more than a scintilla of corroborated evidence to support the fact that Appellees failed to effect proper service in the Underlying Lawsuit.

**Second,** Appellees failed to identify any statutory or contractual authority to establish their entitlement to attorneys' fees incurred in defending a Petition for Bill of Review based on lack of proper service.

# STANDARD OF REVIEW

A party may move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once the motion is filed, the burden shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.*; *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.).

The Court must "review the evidence in the light most favorable to the respondent against whom the summary judgment was rendered . . . . If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment cannot properly be granted." *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) (citations omitted). "That is, a no-evidence summary judgment should be reversed if the

10

evidence is sufficient for reasonable and fair-minded jurors to differ in their conclusions." *See Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

With respect to an award of attorneys' fees, this Court must review for abuse of discretion. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles, or if it rules without supporting evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). A court will review the record to determine whether the trial court followed guiding rules and principles. *Id.*

## ARGUMENTS & AUTHORITIES

### I. MIXON PRESENTED MORE THAN A SCINTILLA OF CORROBORATED EVIDENCE TO CREATE A FACT ISSUE.

#### A. A bill of review based on defective service requires only proof that the petitioner was never served with process.

A bill of review is an independent equitable action brought by a party to a previous suit who seeks to set aside a judgment that is no longer subject to a motion for new trial or appealable. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). Traditionally, to state a claim for a bill of review, a petitioner must allege: (1) a meritorious defense to the cause of action supporting the judgment; (2) that the petitioner was prevented from making by the fraud, accident, or wrongful act of the

11

opposing party; and (3) that is unmixed with any fault or negligence by the petitioner. *Mowbray v. Avery*, 76 S.W.3d 663, 682 (Tex. App.—Corpus Christi 2003, pet. denied).

However, when a petitioner seeks a bill of review based solely on a claim of lack of proper service, the petitioner need not show the first two of these requirements. This exception arises as a matter of constitutional law, because notice of the lawsuit and the judgment is an essential ingredient of due process. A judgment is vulnerable to attack if a party obtained it in the absence of constitutionally mandated notice, even if the defendant lacks a meritorious defense. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988); *Caldwell*, 975 S.W.2d at 537.

When a petitioner seeks a bill of review based on a claim of lack of proper service, he or she may conclusively establish the absence of fault or negligence by proving that he or she was never served with process. *Caldwell*, 975 S.W.2d at 537. An individual who is not served cannot be at fault or negligent in allowing a court to render a default judgment. *See id.* Even if the individual becomes aware of the proceedings before the court renders judgment, he or she has no duty to participate in them without proper service of process and is, therefore, not at fault for failing to answer. *Id.*

**B. Mixon has produced more than a scintilla of evidence that he was never served with process.**

At the summary judgment stage, a petitioner's own testimony is "some evidence of defective service of process." *See Sung Man Min v. Avila*, 991 S.W.2d 495, 502 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (noting that evidence derived solely from the petitioner was "not only sufficient to defeat [Respondent's] prima facie case, as established by the [citation] recitals, and thus place the issue of the service before the jury, but also sufficient to support the jury's finding of no service."); *see also Langdon v. Gilbert*, No. 0-14-00491-CV, 2014 Tex. App. LEXIS 13880, at *7 (Tex. App.—Austin Dec. 31, 2014, no pet.) (holding that the petitioner's own affidavit was "some evidence of defective service of process"). In *Langdon*, the petitioner filed a bill of review to set aside a default judgment on the basis of defective service of process. 2014 Tex. App. LEXIS 13880, at *3. In cross motions for summary judgment, the petitioner submitted his own affidavit in which he averred that he did not receive service of process. *Id.* at *7. The trial court granted the respondent's motion for summary judgment, but the Austin Court of Appeals reversed because the petitioner's "bare assertion" that he was not served "is inadequate to carry his burden of proof, but it is some evidence of defective service of process." *Id.* (internal citations omitted).

Here, Mixon's affidavit and deposition testimony, despite being "bare assertions" that he was never served, constitute "some evidence" that defeats

summary judgment. Specifically, Mixon produced evidence that he never received the citation purportedly attached to his front door. For example, Mixon testified in his deposition that he "was never served." (CR 131). Mixon would not have called the Travis County Clerk on November 6, 2013 asking if he had been served if he had actually been served on November 2 as alleged. (CR 131–35, 143). During his deposition, Mixon maintained that the ***best*** evidence of defective service is the fact that he never received the citation:

> Q.   Are you stating affirmatively that Mr. Vasquez did not post the Citation of Petition on your door November 2nd?
>
> A.   I am saying that I have not received securely the citation.
>
> Q.   But you are not testifying he did not post the copy of the citation and petition on your door November 2, 2013?
>
> A.   I did not receive the citation.

(CR 131–35, 144). Accordingly, Mixon's own testimony constitutes more than a scintilla of evidence that, although insufficient to carry his burden at trial, is certainly enough to place the issue before a jury.

Additionally, Mixon's testimony is further supported by additional circumstantial evidence that Mixon never received any items allegedly left by the process server, Mr. Vasquez. For example, Mr. Vasquez's affidavit of non-service indicates that he left a "call back card" on August 28, 2013. (CR 139). However,

14

Mixon testified that he never received the call back card. (CR 129–30). This constitutes more evidence to contradict Mr. Vasquez's affidavit of service given the fact that Mixon never received the citation. (CR 132) ("I do not question [Mr. Vasquez's] statement other than the fact that I did not receive the citation and the petition.").

Ms. Komperda's declaration also corroborates Mixon's testimony that he never received the citation and Petition in the Underlying Lawsuit. Ms. Komperda, who lived with Mixon at the time of the alleged service, stated that she never received or saw a copy of the Petition and citation purportedly attached to the front door. (CR 145).

Taken together, Mixon's testimony, Ms. Komperda's declaration, and the contradiction of the process server's affidavits constitute more than a scintilla of evidence that service was defective in the Underlying Lawsuit. Considering this evidence in the light most favorable to Mixon, it is certainly possible that the process server failed to execute service consistent with the order of substitute service. Accordingly, the trial court erred by granting Appellees' no evidence motion for summary judgment.

## II.   APPELLEES FAILED TO ESTABLISH THEIR ENTITLEMENT TO ATTORNEYS' FEES.

In their No-Evidence Motion for Summary Judgment, Appellees summarily declared that they "are also entitled to an award of attorney's fees and costs." (CR

86). At the hearing on the motion, the trial court allowed Mixon to submit a Bench Brief in opposition to Appellees demand for attorneys' fees. (CR 157–160). After consideration of the brief, the trial court granted Appellees claim for attorneys' fees. (CR 161–62) (Tab A).

The law is clear that a prevailing party may recover attorneys' fees from the opposing party only if the recovery of fees is provided for by statute or contract. *Gulf States Util. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002). There is no statute that provides for the recovery of attorneys' fees for the prevailing party in a bill of review proceeding. As such, courts have held that a party who successfully defends a bill of review is entitled to recover attorneys' fees only if such fees are authorized for the underlying case. *See Bakali v. Bakali*, 830 S.W.2d 251, 257 (Tex. App.—Dallas 1992, no writ).

In *Meece v. Moerbe*, the Texas Supreme Court analyzed the policy behind this rule. 631 S.W.2d 729 (Tex. 1982). In *Meece*, the trial court awarded the respondent attorneys' fees for successfully defending the petitioner's bill of review. *Id.* at 730. The court of appeals reversed, holding that the respondent was not entitled to fees because defense of a bill of review was not the same as establishing an affirmative cause of action under a statute that allows recovery of attorneys' fees. *Id.* The Texas Supreme Court disagreed, noting the following:

> [T]he purpose of the [statute allowing recovery of attorneys' fees] is to authorize attorneys' fees for the

16

> ***successful prosecution of a . . . claim to final judgment***.
> While the bill of review is an equitable action, separate
> from the original suit, [the respondent] had the burden of
> proving his original cause of action.

*Id.* (emphasis added). Accordingly, the Texas Supreme Court held that because the respondent successfully prevented the petitioner from establishing a meritorious defense (a necessary element of his bill of review claim), the respondent had in essence proved his underlying cause of action and was entitled to an award of attorneys' fees.

The Texas Supreme Court's opinion in *Meece* leads to the logical conclusion that when a bill of review petitioner does not have to prove a meritorious defense, and the respondent therefore does not have the burden to prove the original cause of action, the defending party is not entitled to attorneys' fees. Here, it is undisputed that Mixon did not have to prove a meritorious defense as an element of his bill of review. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (noting that a bill of review based on failure of service dispenses with the requirement to prove a meritorious defense). As such, Appellees never carried the burden to prove the underlying cause of action that would entitle them to attorneys' fees.

Instead, Appellees rely on a single case from the Dallas Court of Appeals to support their claim for attorneys' fees. Yet that case, just like *Meece*, involved a bill of review where the respondent negated the petitioner's meritorious defense.

*See Broderick v. Kaye Bassman Int'l Corp.*, 333 S.W.3d 895, 898 (Tex. App.—Dallas 2011, no pet.).  Despite having the burden to do so, Appellees have not identified any legal authorities that allow for the recovery of attorneys' fees by the defending party in a bill of review where the petitioner does not have to prove—and the responding does not have to negate—a meritorious defense to the underlying cause of action.  Accordingly the trial court abused its discretion in granting Appellees' request for attorneys' fees.  *See Polansky v. Berenji*, 393 S.W.3d 362, 368 (Tex. App.—Austin 2012, no pet.) (holding that the trial court abused its discretion in awarding attorneys' fees "without a statutory or contractual basis to do so.").

## CONCLUSION

Mixon alleges that he was denied service of process—a  fundamental right guaranteed by the Constitution.  The trial court, by refusing to acknowledge the fact issues raised by Mixon, effectively deprived Mixon of that right.  Moreover, the trial court erred by awarding attorneys' fees to Appellees not for proving their underlying cause of action, but instead for simply filing a no-evidence motion for summary judgment.  Accordingly, the trial court's orders should be reversed and this case should be remanded for further proceedings.

18

## PRAYER

Appellant Gary Mixon respectfully requests that this Court reverse the trial court's order granting Appellee' No-Evidence Motion for Summary Judgment and request for attorneys' fees and remand this cause to the trial court. Appellant also respectfully requests such further relief, general or special, to which he may be justly entitled.

DATED and FILED this 6th day of August, 2015.

Respectfully submitted,

JACKSON WALKER L.L.P.


By: */s/* Jack E. Skaggs

Jack E. Skaggs - 24051345
Scott W. Weatherford – 24079554
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone (512) 236-2000
Facsimile (512) 236-2002
E-mail: jskaggs@jw.com
E-mail: sweatherford@jw.com

ATTORNEYS FOR APPELLANT GARY MIXON

19

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of August 2015, a true and correct copy of the foregoing was served on all counsel of record listed below in accordance with Rule 9.5(c) of the Texas Rules of Appellate Procedure via electronic filing and electronic mail:

Mark R. McLean (Lead Attorney)       Jeff Meyerson
State Bar No. 24062882               State Bar No. 00788051
mrm@mlpcfirm.com                     JeffM@Meyersonfirm.com
MCLEAN LAW P.C.                      MEYERSON LAW FIRM
408 W. 11th St., Suite 500           2224 Walsh Tarlton Lane, Suite 1220
Austin, Texas 78701                  Austin, Texas 78746
512-222-5641(telephone)             512-330-9001 (telephone)
512-857-1282 (facsimile)            512-330-9005 (facsimile)


/s/ Jack E. Skaggs
Jack E. Skaggs

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i) because, exclusive of the matters excepted from the word count limitations of the Rule, this brief contains 2,826 words.


/s/ Jack E. Skaggs
Jack E. Skaggs

20

NO. 03-15-00287-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

GARY MIXON,
*Appellant*,

v.

GREG NELSON, AS PRINCIPAL OF MADEX CAPITAL LLC; NICK
DEFILIPPIS, AS PRINCIPAL OF BLUE STAR CAPITAL GROUP LLP;
MICHAEL MORINI, AND NORMAN R. ZUKIS,
*Appellees.*

ON APPEAL FROM THE 345TH DISTRICT COURT
OF TRAVIS COUNTY, TEXAS

## **APPENDIX**

Tab A        Order Granting No-Evidence Motion for Summary Judgment

21

# Tab A



COPY

CAUSE No. D-1-GN-14-004368

| | | |
|---|---|---|
| GARY MIXON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner/Judgment Debtor, | § | |
| | § | |
| v. | § | |
| | § | |
| GREG NELSON, as principal of MADEX | § | TRAVIS COUNTY, TEXAS |
| CAPITAL, LLC; NICK DEFILIPPIS, as | § | |
| principal of BLUE STAR CAPITAL | § | |
| GROUP, LLC; MICHAEL MORINI; and | § | |
| NORMAN R. ZUKIS, | § | |
| | § | |
| Respondents/Judgment Creditors. | § | 345th JUDICIAL DISTRICT |

## ORDER GRANTING NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

On April 9, 2015, the Court considered and took under advisement Respondents/Judgment Creditors' No-Evidence Motion for Summary Judgment in the above-styled case. After considering the motion, the response, the reply, the admissible summary judgment evidence, and the applicable law, the Court GRANTS the motion in its entirety, including the claim for attorney's fees in the amount of $6,120.00 and costs of $300.49.

Petitioner/Judgment Debtor Gary Mixon's Bill of Review proceeding under Cause No. D-1-GN-14-004368 is DISMISSED WITH PREJUDICE to the refiling of the same. JUDGMENT is hereby entered that Petitioner/Judgment Debtor Gary Mixon shall take nothing by way of his bill of review and that Respondents/Judgment Creditors are awarded attorney's fees and costs outlined above.

This is a final and appealable JUDGMENT.

[*Continued.*]

IT IS SO ORDERED this _____ day of April, 2015.

THE HONORABLE GISELA D. TRIANA
JUDGE, 200th JUDICIAL DISTRICT COURT
OF TRAVIS COUNTY, TEXAS

Approved to Form:

THE MEYERSON LAW FIRM, P.C.
Mark McLean
Attorney for Respondents/Judgment Creditors

JACKSON WALKER L.L.P.
Scott Weatherford
Attorney for Petitioner/Judgment Debtor

*Order Granting No Evidence Motion for Summary Judgment*                    Page 2 of 2