FILED
September 24, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00305-CV
6047531
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/13/2015 5:55:16 PM
JEFFREY D. KYLE
CLERK

**APPELLATE CASE NO. 03-15-00305-CV**

**JOHN BRYAN LANGDON**
**Appellant**

**v.**

**LESLIE MATHISON GILBERT**
**Appellee**

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/13/2015 5:55:16 PM
JEFFREY D. KYLE
Clerk

**On Appeal from the**
**County Court at Law Number Two of Travis County, Texas**

## APPELLEE BRIEF

_____

Identity of Parties and Counsel

| | |
|---|---|
| Leslie Mathison Gilbert | John Bryan Langdon |
| Defendant at the Trial Court Level | Plaintiff at the Trial Court Level |
| | |
| Evans Kosut Davidson, PLLC | Law Office of Tom Murphy |
| Attn: John M. Davidson | Attn: Tom Murphy |
| State Bar No. 05434980 | State Bar No. 24013217 |
| 16000 Stuebner Airline Rd., Ste. 200 | 9600 Great Hills Trail, Ste. 150W |
| Spring, Texas 77379 | Austin, Texas 78759 |
| (281) 251-7900 | (512) 477-5680 |
| (281) 251-7909 Fax | (512) 493-0691 Fax |
| Email: jdavidson@ekklaw.com | Email: tom@tommurphyslaw.com |
| Trial Attorney and | Trial Attorney and |
| Appellee Counsel for Gilbert | Appellate Counsel for Langdon |

Page 1

# **TABLE OF CONTENTS**

**PAGE**

Identity of Parties and Counsel …………………………………….…… 1

Table of Contents …………………………………………………….. 2

Index of Authorities …………………………………………….......... 3

Statement of Case …………………………………………………… 5

Issues Presented ………………………………………………….... 6

Statement of Facts …………………………………………………… 7

Summary of Argument …………………………………………………. 10

Argument …………………………………………………….…… 11

    I.      As a matter of law, Appellant Langdon is not entitled to attorney's fees as a bill of review plaintiff. Further, Appellant did not prevail on the lease agreement in the underlying lawsuit........................................................................ 11

    II.     The effect of the Agreed Order about which Appellant indirectly complains was agreed to by Appellant, thus Appellant has no basis for complaint. Appellee's non-suit of the underlying case was effective and the Court's order granting the non-suit was ministerial ……………………….16

    III.    The trial court properly rendered a Final Judgment.………………………………………...… 20

Conclusion and Prayer …………………………………………..……. 21

Certificate of Compliance ………………………………………………... 22

Certificate of Service ……………………………………….…….….. 23

Appendix ………………...………………………………………..…… 24

# INDEX OF AUTHORITIES

**PAGE**

*Akin, Gump, Strauss, Hauer & Feld, LLP v. National Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009) …………………………………….... 11

*Bakali v. Bakali*, 830 S.W.2d 251, 257 (Tex. App. —Dallas 1992, no writ) …… 13

*Baker v. Goldsmith*, 582 S.W. 2d 404, 408 (Tex. 1979) …………………… 16, 17

*Caldwell v. Barnes* 154 S.W. 2d 93, 97 (Tex. 2004)………………………..... 17

*Director State Employees Worker's Compensation Division v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994) ………………………………………………………. 15

*In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) ……………………….….... 20

*Intercontinental Group Partnership v. KB Home Lone Star, LP*, 295 S.W.3d 650, 661 (Tex. 2009) ……………………………………………………………... 16

*Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex. App. - Corpus Christi 1985, writ ref'd n.r.e.) ……………………………………………..…….. 19

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ………..…..…... 20

*Lowe v. Farm Credit Bank of Texas*, 2 S.W.3d 293, 299 (Tex. App. —San Antonio 1999, pet. denied) ……………………………….. 14

*MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 663 (Tex. 2009) ……………………………………………………………………. 11

*Meece v. Moerbe*, 631 S.W.2d 729, 730 (Tex. 1982) …………………….… 12, 13

*Mungia v VIA Metro Transit*, 441 S.W. 3d 542 (Tex. App.—San Antonio 2014, no pet.) …………………………………………………………………………….. 12

*Rodriguez v. Holmstrom*, 627 S.W.2d 198, 202-03 (Tex. App.--Austin 1981, no writ) ………………………………….………….. 12

*Shahbaz v. Feizy Imp. & Exp. Co.*, 827 S.W.2d 63, 64
(Tex. App.-Houston [1st Dist.] 1992, no writ) …………………………..…… 19

TEXAS RULES OF CIVIL PROCEDURE

TEX. R. CIV. P. 329b(f)……………...……………………………………….. 17

TEX. R. CIV. P. 329b(d) ……………...……………………………..……….. 20

# STATEMENT OF CASE

1) **Nature of the case.** This is an appeal of a summary judgment granted in a bill of review lawsuit. The underlying lawsuit is related to the rental of real property with a cause of action for failure to return rental security deposit and unjust enrichment related to a leasehold.

2) **Name of the trial judge.** Honorable Todd T. Wong.

3) **Trial court.** County Court at Law Number Two of Travis County, Texas.

4) **Disposition in the trial court.** After the intermediate court of appeals' opinion in the first bill of review proceeding, the parties entered into an agreed order on Appellant's motion for summary judgment. The agreed order granted the bill of review in part, set aside the underlying judgment, ordered a trial in the underlying lawsuit, and left pending in the bill of review lawsuit only the issue of whether Appellant was entitled to attorney's fees for the prosecution of the bill of review lawsuit.

   After the Court granted the agreed order on the bill of review, Appellee non-suited the underlying lawsuit. The non-suit disposed of the underlying lawsuit since Appellant had filed no pleading in the underlying lawsuit before the non-suit was filed or granted.

   Appellee subsequently filed in the bill of review lawsuit a motion for summary judgment for an order determining whether or not Appellant could be awarded attorney's fees for prosecuting the bill of review lawsuit. The Court granted Appellee's motion for summary judgment, which was a final judgment in the bill of review lawsuit.

5) **Parties in the trial court.** John Bryan Langdon was the Plaintiff in the bill of review lawsuit; Leslie Mathison Gilbert was the Defendant in the bill of review lawsuit.

## ISSUES PRESENTED

1.  As a matter of law, Appellant Langdon is not entitled to attorney's fees as a bill of review plaintiff. Further, Appellant did not prevail on the lease agreement in the underlying lawsuit.

2.  The effect of the Agreed Order about which Appellant indirectly complains was agreed to by Appellant, thus Appellant has no basis for complaint. Appellee's non-suit of the underlying case was effective and the Court's order granting the non-suit was ministerial.

3.  The trial court properly rendered a Final Judgment.

**STATEMENT OF FACTS**

In the underlying lawsuit, the Appellee (Leslie Gilbert) filed suit against the Appellant (John Langdon) for damages related to the failure of Appellant to provide an accounting and refund of a security deposit to Appellee in Cause No. C-1-CV-13-009444, styled, "*Leslie Mathison Gilbert v. John Bryan Langdon*" (the "underlying lawsuit"). A default judgment was rendered in favor of Appellee against Appellant on March 19, 2014. CR 16-17.

In the underlying lawsuit, Appellant was found liable for bad faith in failing to provide an accounting and refund of Appellee's security deposit of $4,000.00, as well as retaining an overpayment of rents in the amount of $1,500.00. Attorney's fees, a civil penalty of $100.00, and trebling of damages of $12,000.00 was rendered against Appellant. CR 16-17.

In filing the underlying lawsuit, Appellee tendered service of process to the Texas Secretary of State, alleging that the Secretary of State was the agent for Appellant because Appellant had not designated or maintained a resident agent for service in Texas, that Appellant engaged in business in Texas, does not maintain a regular place of business in Texas, and that the lawsuit arose from Appellant's business in Texas. As such, Appellee alleged that the Secretary of State was the proper agent for service.

Upon serving the Secretary of State, Appellee was required to provide the

Secretary of State a document that contains a statement of the name and address to deliver notice of citation to Appellant.

Appellee provided the Secretary of State the following address: 275 2nd Ave., Long Branch, New Jersey 07740.  This address was allegedly not the address of Appellant.  Appellant's correct address was 275 2nd Ave. **Front**, Long Branch, New Jersey 07740, according to Appellant.

On April 24, 2014, thirty-six (36) days after the default judgment, Appellant filed a bill of review to set aside or vacate the default judgment alleging due process violation for improper service by providing the Secretary of State the wrong address to serve Appellant.  CR 8.

On July 28, 2014, the trial court denied Appellant's motion for summary judgment for a bill of review and granted Appellee's motion for summary judgment to deny a bill of review. CR 142-143.

On August 6, 2014, Appellant filed an appeal of the trial court's original Order granting Appellee's motion for summary judgment denying a bill of review. CR 146.

On December 31, 2014, this Court issued a Memorandum Opinion that reversed the trial court's judgment and remanded for further consideration. CR 154-161.  On January 30, 2015, Appellant filed another motion for summary Judgment to have a bill of review granted.  CR 185.

On March 27, 2015, Appellee conceded that a bill of review should be granted in part. CR 241. On April 2, 2015, the trial court entered an agreed order granting summary judgment for a bill of review. CR 246-247. The agreed order ordered the underlying lawsuit to a trial, denied Appellant's request for attorney's fees in the bill of review lawsuit, and ordered a trial to determine the amount of attorney's fees, if any, that were to be awarded to Appellant in the bill of review lawsuit. There was not a determination of the merits of the underlying lawsuit as of the granting of the April 2, 2015 agreed order.

On April 2, 2015, Appellant filed a notice of non-suit without prejudice. See Appellee Appendix 1. On April 7, 2015, the trial court signed an order granting the non-suit without prejudice for the underlying lawsuit. See Appellant Appendix 8.

On April 20, 2015, Appellee filed a motion for summary judgment seeking a ruling that attorney's fees are not awardable to Appellant in the bill of review lawsuit. CR 249. On May 12, 2015, the trial court granted Appellee's motion for summary judgment. CR 314. The May 12, 2015 judgment was a final judgment. CR 314. On May 18, 2015, Appellant filed a notice of appeal. CR 319. Thereafter, Appellant sought no further relief from the trial court. CR 6, 330.

# SUMMARY OF ARGUMENT

The trial court's May 12, 2015 judgment resolved all issues between the parties and is a final judgment. It properly denied Appellant's bill of review request for attorney's fees since (a) there was no pleading for, or proof of, any breach of contract in the underlying lawsuit that could support attorney's fees; (b) there was no pleading for, or proof of, attorney's fees in the underlying lawsuit; (c) there is no legal authority that supports awarding a bill of review plaintiff attorney's fees in a bill of review proceeding; (d) Appellant was not a prevailing party as required in the lease agreement; (e) it would be inequitable and against sound policy to award Appellant any attorney's fees; and, (f) Appellee was permitted to non-suit Appellee's claims when Appellee chose.

## ARGUMENT

I.  *As a matter of law, Appellant is not entitled to attorney's fees as a bill of review plaintiff. Further, Appellant did not prevail on the lease agreement in the underlying lawsuit.*

The general rule in Texas is that each litigant must pay its own attorney's fees. *MBM Fin. Corp. v. Woodland Oper. Co.*, 292 S.W.3d 660, 663 (Tex. 2009). Recovery of attorney's fees from the adverse party is allowed only when the recovery is permitted by statute, by contract between the litigants, or under equity. *Akin, Gump, Strauss, Hauer & Feld, LLP v. National Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009).

As a matter of law there is no authority allowing a bill of review plaintiff to recover attorney's fees (in a bill of review proceeding) where the bill of review plaintiff was not entitled to attorney's fees in the underlying lawsuit, or on any appeal of the underlying lawsuit judgment.[1]

Here, Appellant failed to answer or appear in the underlying lawsuit before the initial default judgment was rendered. Later, after the underlying judgment was vacated, Appellant failed to file any claim in the underlying lawsuit (upon which Appellant could recover attorney's fees) before the underlying lawsuit was non-suited. Thus, there was no pleading upon which Appellant could recover attorney's fees in the underlying lawsuit or any appeal of it.

---

[1]  The underlying lawsuit default judgment did not award any attorney's fees to Appellant. CR 16-17. The underlying lawsuit was non-suited April 2, 2015.

Appellant's brief fails to cite any legal authority which would permit this Court to award a bill of review plaintiff attorney's fees.

On the other hand, a party who successfully <u>defends</u> a bill of review proceeding and who was entitled to recover attorney's fees in the underlying lawsuit may also recover attorney's fees in a bill of review proceeding. *Meece v. Moerbe*, 631 S.W. 2d 729 (Tex. 1982) (defendant/counterclaimant in underlying lawsuit prevailed in underlying lawsuit on usury counterclaim for which attorney's fees were recoverable, and then later successfully defended a bill of review proceeding and was awarded attorney's fees).[2]

Appellant's legal arguments fail to appreciate the purpose of awarding attorney's fees to a bill of review defendant who successfully defends a bill of review. Further, the cases cited by Appellant do not support Appellant's argument, as noted below.

The *Rodriguez v. Holmstrom* case actually supports Appellee's argument. In *Rodriguez*, in the underlying lawsuit, plaintiff Rodriguez sued defendant Holmstrom. Plaintiff Rodriguez obtained a default judgment against Holmstrom, which included an award of attorney's fees under the DTPA for both trial and any appeal. Holmstrom filed a bill of review. The trial court granted the bill of review

---

[2] Further, while not applicable on the relevant facts, as a general proposition, a court also does not have discretion to award a bill of review plaintiff attorney's fees under the Uniform Declaratory Judgment Act. *Mungia v. VIA Metro Transit*, 441 S.W. 3d 542 (Tex. App.—San Antonio 2014, no pet.).

and then rendered a take nothing judgment for all parties. The court of appeals reversed the trial court, denied the bill of review, and awarded plaintiff Rodriguez the attorney's fees awarded to him in the underlying trial court judgment. The court of appeals held that Rodriguez's successful appeal of the trial court's granting of the bill of review was considered an appeal for the purposes of awarding Rodriguez the attorney's fees allocated to Rodriguez in the original default judgment.

In *Bakali v. Bakali*, husband filed a petition for divorce from wife. The trial court signed a judgment granting the divorce. Wife filed a petition for bill of review. Both parties moved for summary judgment in the bill of review proceeding. The trial court granted husband's motion for summary judgment and awarded husband $3,000.00 in attorney's fees based on statutory and common law authority that permits a trial court to award attorney's fees in divorce proceedings. The court of appeals affirmed husband's motion for summary judgment, including the award of attorney's fees, since husband was entitled to attorney's fees if wife had appealed the underlying judgment instead of filing a bill of review. The appellate court specifically cited *Meece v. Moerbe* for the proposition that a party who successfully defends a bill of review is entitled to recover attorney's fees if attorney's fees are authorized in the prosecution of the underlying case.

In *Lowe v. Farm Credit Bank*, the plaintiff bank in the underlying lawsuit obtained a judgment against Lowe for a deficiency judgment based on a promissory note and foreclosure of a real estate lien. Lowe filed a petition for bill of review. The trial court denied Lowe's petition for bill of review and granted the bank's motion for summary judgment for defending the bill of review proceeding and awarded attorney's fees to the bank. The court of appeals held that the trial court had authority to award the bank attorney's fees in the bill of review proceeding since the trial court had authority to award attorney's fees to the bank in the underlying lawsuit.

Here, Appellant failed to answer or appear in the underlying lawsuit before the initial default judgment was rendered. Later, after the underlying judgment was vacated pursuant to the agreed order, Appellant failed to file any pleading in the underlying lawsuit (upon which Appellant could recover attorney's fees) before the underlying lawsuit was non-suited. Thus, there was no claim upon which Appellant could recover attorney's fees in the underlying lawsuit or any appeal of it.

The policy ramification of Appellant's argument is significant. If Appellant's theory was correct, then every appellant involved in a breach of contract case who suffered a no service of process default judgment could elect to use an equitable bill of review proceeding, as opposed to a motion for new trial, in

an effort by the appellant to recover attorney's fees. This makes no sense. Especially when a motion for new trial movant should offer to reimburse the non-movant for non-movant's attorney's fees to prevail in a motion for new trial. *Director State Employees Worker's Compensation Division v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994) (the willingness of a defendant who has suffered a default judgment to pay the expenses of the plaintiff who obtained the default judgment is an important factor for the Court to look to in determining whether it should grant a motion for new trial). Thus, while a movant in a motion for new trial should offer to pay the non-movant's attorney's fees, under Appellant's theory, a movant for a bill of review should be entitled to receive attorney's fees.

Further, Appellant's cite to a clause in the residential lease agreement does not provide the necessary legal authority for this Court to award attorney's fees to a bill of review plaintiff.[3] CR 278. This second bill of review proceeding is not related to the transaction (renting a leasehold) described in the lease agreement. CR 267. Appellant has not plead that Appellee breached the lease agreement and there has been no finding that Appellee breached the lease agreement.[4]

---

[3] The lease agreement could serve as a basis for attorney's fees in the underlying lawsuit if attorney's fees had been requested by Appellant, proven by Appellant, and awarded to Appellant in the underlying lawsuit.

[4] Appellant's first amended petition for bill of review plead certain causes of action. CR 162, 165. Appellant's second amended petition for bill of review (Appellant's live pleading) omitted all causes of action. CR 256, 259.

Finally, it would be inequitable to allow Appellant in an independent equitable bill of review action to recover attorney's fees where Appellant has, in the underlying lawsuit, failed to plead or prove any breach of contract, and failed to plead or prove any basis for attorney's fees. *Baker v. Goldsmith*, 582 S.W. 2d 404, 408 (Tex. 1979); *Intercontinental Group Partnership v. KB Home Lone Star, LP*, 295 S.W.3d 650, 661 (Tex. 2009) (where a jury found a breach of contract, but no damages, the plaintiff was not entitled to any attorney's fees since plaintiff was not a prevailing party under the contract).

Therefore, there is no legal authority, policy argument, pleading, or contract breach finding that supports Appellant's argument for awarding attorney's fees to a bill of review plaintiff. The Court should deny Appellant's appeal.

II.     *The effect of the Agreed Order about which Appellant indirectly complains was agreed to by Appellant, thus Appellant has no basis for complaint. Appellee's non-suit of the underlying case was effective and the Court's order granting the non-suit was ministerial.*

The trial court's April 2, 2015 agreed order, April 7, 2015 order granting non-suit, and May 12, 2015 judgment properly ruled on all matters in controversy between Appellant and Appellee, and it was within the trial court's plenary power to do so. See CR 246, Appellee Appendix 1 and Appellant Appendix 8, and CR 314. The trial court's rulings resolved all disputes between the parties.

The Texas Supreme Court has clearly established that in an independent equitable bill of review no service default judgment type of case, once there is a

finding that the party in the underlying lawsuit (here Appellant) was not served, the parties revert to their original status as plaintiff and defendant, with the burden on the original plaintiff to prove her case. *Caldwell v. Barnes* 154 S.W. 2d 93, 97 (Tex. 2004).

The trial court's April 2, 2015 agreed order "set aside, vacated and declared null and void and unenforceable" the March 19, 2014 default judgment.[5] This agreed order also properly denied Appellant's summary judgment request for attorney fees since a fact issue existed. Further, this agreed order ordered the underlying lawsuit to proceed to trial at a later date as permitted by Tex. R. Civ. P. 174(b); *Caldwell v. Barnes* 154 S.W. 2d 93, 97 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W. 2d 404, 408 (Tex. 1979). It is important that this Court note that the April 2, 2015 order was an AGREED ORDER.[6]

After the Court signed the April 2 agreed order, which reestablished the trial court's plenary power over the underlying lawsuit, Appellee promptly non-suited Appellee's claims in the underlying lawsuit on April 2, 2015.[7] The Court's April 7, 2015 ministerial act of granting Appellee's non-suit in the underlying lawsuit was proper since the trial court had reacquired plenary power pursuant to Tex. R.

---

[5] Appellee's March 27, 2015 summary judgment response clearly stated that the only reason Appellee was willing to agree to the April 2 agreed order was to conserve resources and bring the appellate matters and bill of review case to a close. CR 241.

[6] Appellant should not now be heard to complain about an order to which it agreed and presented to the trial court for signature.

[7] See Appellee's Appendix 1.

Civ. P. 329b(f). Alternatively, if the underlying lawsuit and bill of review proceeding were somehow conflated into one proceeding, then the bill of review lawsuit was the only proceeding over which the trial court still had plenary power, and the Appellee was still permitted to non-suit Appellee's claims, if any, in the bill of review proceeding.

Thereafter, Appellant's claim for attorney fees was the only remaining relief requested by either party. CR 283.[8]

The trial court's May 12, 2015 summary judgment order denied Appellant's claim for attorney fees as a matter of law, and was a final judgment in the bill of review proceeding. The May 12 order specifically stated "This judgment finally disposes of all claims asserted by and between all parties, and is final and appealable. Any relief requested by the parties and not granted herein is denied."

Appellant's issue 2 argument that the trial court lacked plenary power when the trial court granted the April 7, 2015 non-suit is incorrect for at least two reasons.

First, once the trial court signed the April 2 agreed order, the underlying judgment was set aside, and Appellee was free to either prosecute or non-suit Appellee's claims in the underlying lawsuit. Appellee elected to bring closure to

---

[8]    Appellant never filed any pleading in the underlying lawsuit.

the dispute and non-suited Appellee's claims.[9]

Second, Appellant's no plenary power to grant non-suit argument has no effect on the outcome. If the trial court reacquired plenary power on April 2, then Appellee was free to non-suit Appellee's claims. If the trial court did not reacquire plenary power on April 2, then Appellee's claims were disposed of by the trial court's May 12 final judgment. Either way, Appellee's claims were resolved.

Appellant's reliance upon *Shahbaz v. Feizy Imp. & Exp. Co.*, 827 S.W.2d 63, 64 (Tex. App. - Houston [1st Dist.] 1992, no writ) (citing *Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex. App. - Corpus Christi 1985, writ ref'd n.r.e.) is misplaced. In *Shahbaz*, the appeal was dismissed since the judgment in the bill of review action was not a final judgment because it did not address the merits of the appellee's claims. Similarly, in *Kessler*, the appeal was dismissed since the judgment in the bill of review action was not a final judgment because the judgment did not set aside the underlying lawsuit judgment and did not settle the entire controversy between the parties. Here, the May 12, 2015 final judgment resolved the claims of all parties in both the underlying lawsuit and the bill of review lawsuit.

---

[9] If this Court rules that Appellee or the trial court could not non-suit Appellee's claims because the trial court lacked plenary power, and this Court further rules that Appellant is entitled to a trial on Appellant's request for attorney fees, then Appellee requests that Appellee be allowed to prosecute Appellee's underlying lawsuit claims at trial.

III.    *The trial court properly rendered a Final Judgment.*

The trial court's May 12, 2015 summary judgment order denied Appellant's claim for attorney's fees, as a matter of law, and was a final judgment in the bill of review proceeding. The May 12 order specifically stated "This judgment finally disposes of all claims asserted by and between all parties, and is final and appealable. Any relief requested by the parties and not granted herein is denied." The Court's judgment met the requirements of a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010).

Appellee's April 20, 2015 motion for summary judgment and Appellant's response clearly made the trial court aware that Appellee had non-suited Appellee's claims on April 2, 2015. See CR 249-250, 283, 285. The trial court's May 12, 2015 final judgment was properly rendered since there were no remaining claims to resolve after Appellee's non-suit and the trial court's determination, as a matter of law, that Appellant was not entitled to any attorney's fees as a bill of review plaintiff. Further, Appellant never raised any concern about the May 12 judgment being a final judgment until Appellant filed this appeal. Finally, Appellant never raised this concern in the trial court while the trial court had plenary power, thus Appellant has waived any complaint. CR 6, 330. Tex R. Civ. P. 329b(d).

## CONCLUSION AND PRAYER

The trial court's May 12, 2015 judgment resolved all issues between the parties and is a final judgment. It properly denied Appellant's bill of review request for attorney's fees since (a) there was no pleading for, or proof of, any breach of contract in the underlying lawsuit that could support attorney's fees; (b) there was no pleading for, or proof of, attorney's fees in the underlying lawsuit; (c) there is no legal authority that supports awarding a bill of review plaintiff attorney's fees in a bill of review proceeding; (d) Appellant was not a prevailing party as required in the lease agreement; (e) it would be inequitable and against sound policy to award Appellant any attorney's fees; and, (f) Appellee was permitted to non-suit Appellee's claims when Appellee chose.

## CERTIFICATE OF COMPLIANCE

I, John M. Davidson, certify that this computer-generated document that is subject to a word limit under Tex. R. App. P. 9.4(i) that the number of words in the document is 4,523. I hereby certify that I am relying on the word count of the computer program used to prepare the document.

*/s/ John M. Davidson*

By: _____

John M. Davidson

Respectfully submitted,

**EVANS KOSUT DAVIDSON, PLLC**

*/s/ John M. Davidson*

By: _____
John M. Davidson
State Bar No. 05434980
16000 Stuebner Airline Rd., Suite 200
Spring, Texas 77379
281-251-7900 – Telephone
281-251-7909 – Fax
jdavidson@ekklaw.com
**ATTORNEY FOR APPELLEE**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above was delivered via electronic filing to the following parties and attorneys of record pursuant to the Texas Rules of Appellate Procedure on July, 13, 2015.

Tom Murphy
Law Office of Tom Murphy
9600 Great Hills Trail, Ste. 150W
Austin, Texas 78759
(512) 477-5680
(512) 493-0691 Fax
Email: tom@tommurphyslaw.com
Attorney for Appellant Langdon

Court of Appeals
Third District of Texas
Attn: Jeffrey D. Kyle, Clerk of the Court
PO Box 12547
Austin, Texas 78711-2547

## **APPENDIX**

Appendix #1        April 2, 2015 Non-suit.

**Cause No. C-1-CV-13-009444**

| | | |
|---|---|---|
| **LESLIE MATHISON GILBERT** | § | **IN THE COUNTY CIVIL COURT** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **AT LAW NUMBER TWO (2)** |
| | § | |
| **JOHN BRYAN LANGDON** | § | |
| **Defendant** | § | **TRAVIS COUNTY, TEXAS** |

## NOTICE OF NON-SUIT WITHOUT PREJUDICE

Pursuant to Tex. R. Civ. P. 162, Plaintiff, LESLIE MATHISON GILBERT, hereby gives notice to this Court that she is non-suiting, without prejudice, all of her claims against Defendant JOHN BRYAN LANGDON, effective immediately on the filing of this notice.

Respectfully submitted,

*/s/ Blair A. Bruce*

By: _____

Blair A. Bruce
Texas Bar No. 00792376
211 Florence
Tomball, TX  77375
(281) 516-1100 Telephone
(281) 516-1180 Fax
blair@troupbruce.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document has this 2nd day of April, 2015, been served to counsel of records as follows:

***Via eFiling and/or eMail: tom@tommurphyslaw.com***
Tom Murphy
Law Office of Tom Murphy
9600 Great Hills Trail, Ste. 150W
Austin, TX  78759

*/s/ Blair A. Bruce*

By: _____

Blair A. Bruce