ACCEPTED
03-15-00287-CV
6791449
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/3/2015 4:26:08 PM
JEFFREY D. KYLE
CLERK

CAUSE No. 03-15-00287-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
At Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/3/2015 4:26:08 PM
JEFFREY D. KYLE
Clerk

GARY MIXON,

Appellant,

v.

GREG NELSON, AS PRINCIPAL OF MADEX CAPITAL, LLC; NICK
DEFILIPPIS, AS PRINCIPAL OF BLUE STAR CAPITAL GROUP, LLP;
MICHAEL MORINI, AND NORMAN R. ZUKIS,

Appellees.

On Appeal from the 345th Judicial District Court of Travis County, Texas
The Honorable Gisela D. Triana, Presiding

APPELLEES' RESPONSE BRIEF

Mark R. McLean, TSB No. 24062882
MCLEANLAW PC
408 W 11th St., Ste. 500
Austin, TX 78701
p: 512.222.5641 │ f: 512.857.1282
e: mrm@mlpcfirm.com
Attorney for Appellees

*No Oral Argument Reqeusted*

## IDENTITY OF PARTIES & COUNSEL

Petitioner/Appellant Gary Mixon properly identified the parties and their counsel.

## TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ................................................. i

TABLE OF CONTENTS ................................................................... i

TABLE OF AUTHORITIES ............................................................. ii

STATEMENT OF THE CASE .......................................................... 1

RECORD & APPENDIX REFERENCES ............................................ 1

STATEMENT OF ORAL ARGUMENT ............................................. 1

ISSUES PRESENTED FOR REVIEW ............................................... 2

STATEMENT OF FACTS .................................................................. 3

    A.    *Underlying case background: Mixon essentially stole Appelleees' $200,000 Investment.* ................ 3

    B.    *Pertinent timeline of events.* ...................................... 4

    C.    *Mixon's deposition testimony admits he has no competent evidence supporting his bill of review.* ........ 7

    D.    *Mixon's recited Statement of Facts misrepresents the record.* ........ 9

SUMMARY OF THE ARGUMENT ................................................... 10

STANDARD OF REVIEW ............................................................... 11

LEGAL AUTHORITY & ARGUMENT ............................................. 13

A.    *Judge Triana properly granted summary judgment because Mixon admits he has*    13
*no corroborating proof that he was not served.*

B.    *Judge Triana properly awarded attorney's fees because attorney's fees were*    18
*recoverable in the underlying lawsuit.*

CONCLUSION & PRAYER    19

CERTIFICATE OF COMPLIANCE    22

CERTIFICATE OF SERVICE    22

## TABLE OF AUTHORITIES

*Texas Statutes & Rules*

TEX. R. CIV. P. 166a(i)    11

TEX. CIV. PRAC. & REM. CODE § 38.002    20

TEX. REV. STAT. ART. 581-33(D)(7)    20

*Texas Supreme Court Cases*

*Caldwell v. Barnes*, 154 S.W.3d 93 (Tex. 2004)    13, 18

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004)    12

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742 (Tex. 2003)    12,17

*LMB, Ltd. v. Moreno*, 201 S.W.3d 686 (Tex. 2006)    11

*Meece v. Moerbe*, 631 S.W.2d 729 (Tex. 1982)    18-20

*Primate Constr., Inc. v. Silver*, 884 S.W.2d 151 (Tex. 1994)    13

*State Farm Fire and Cas. Co. v. Costley*, 868 S.W.2d 298 (Tex. 2003)    15

ii

*Texas Courts of Appeal Cases*

*Bakali v. Bakali*, 830 S.W.2d 251 (Tex.App.—Dallas 1992, no writ)     20

*Cortland Line Co., Inc. v. Israel*, 874 S.W.2d 178, 184 (Tex.App.—Houston [14th Dist.] 1992, writ denied)     19

*Dias v. Dias*, Cause No. 12-12-00685, 2014 Tex.App. LEXIS 12676 (Tex.App.—Corpus Christi Nov. 25, 2014, rhr'g den.)     12,18-19

*Doolin's Harley-Davidson, Inc. v. Young*, Cause No. 06-05-00101-CV, 2006 Tex.App. LEXIS 116 (Tex.App.—Texarkana Jan. 6, 2006, no pet.)     19

*Dorrough v. Cantwell*, Cause No. 02-05-208-CV, 2006 Tex.App. LEXIS 6356 (Tex.App.—Fort Worth July 20, 2006, pet. denied)     20

*Grynberg v. M-I, L.L.C.*, 398 S.W.3d 864 (Tex.App.—Corpus Christi 2012, pet. denied)     12

*In re K.J.B.*, Cause No. 09-14-00324-CV, 2015 Tex.App. LEXIS 6477 (Tex.App.—Beaumont June 25, 2015, no pet. hist.)     14

*Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428 (Tex.App.—Houston [14th Dist. 1999, no pet.)     12, 15

*Langdon v. Gilbert*, Cause No. 03-14-00491-CV, 2014 Tex.App. LEXIS 13880 (Tex.App.—Austin Dec. 31, 2014, no pet.)     15-16

*Lowe v. Farm Credit Bank* 2 S.W.3d 293 (Tex.App.—San Antonio 1999, pet. denied)     19-20

*Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 696 (Tex.App.—Corpus Christi 2000, pet. denied)     19

*Perez v. Old W. Capital Co.*, 411 S.W.3d 66 (Tex.App.—El Paso 2013, no pet.)     14-15

*Pettigrew v. Recoveredge, L.P.*, Cause No. 05-97-00239-CV, 1997 Tex.App. LEXIS 4326 (Tex.App.—Dallas Aug. 15, 1997, no writ)     14

*Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106 (Tex.App.—Dallas 2009, pet. denied) ... 11,12,17

*Rayon v. Engergy Specialties, Inc.*, 121 S.W.3d 7 (Tex.App.—Fort Worth 2002, no pet.) ... 12, 15

*Rodriguez v. Holmstrom*, 627 S.W.2d 198 (Tex.App.—Austin 1981, no writ) ... 20

*Sanders v. Sanders*, Cause No. 01-11-00010-CV, 2011 Tex.App. LEXIS 8532 (Tex.App.—Houston [1st Dist.] Oct. 27, 2011, no pet.) ... 14

*State ex rel. Mattox v. Buentello*, 800 S.W.2d 320 (Tex.App.—Corpus Christi 1990, no writ) ... 18-19

*Sung Man Min v. Avila*, 991 S.W.2d 495 (Tex.App.—Houston [1st Dist.] 1999, no pet.) ... 13

*Williams v. Graffin*, Cause No. 11-05-00128-CV, 2006 Tex.App. LEXIS 9699 (Tex.App.—Eastland Nov. 9, 2006, no pet.) ... 14

## STATEMENT OF THE CASE

Appellees, and the record, disagree with the "nature of the case" presented by Petitioner Gary Mixon.[1] Appellees sued Mixon in the underlying lawsuit based on Mixon's (clear) fraud, Securities Act violations, breach of contract, and breach of fiduciary duty. Appellees did not "fail[] to properly effect service in the underlying lawsuit" as Mixon represents. Rather, Appellees properly obtained an Order of substitute service and properly served Mixon according to that order. Judge Triana granted no-evidence summary judgment in the bill of review proceeding because Mixon testified that he had no evidence or facts rebutting the Affidavit of Service filed by Appellees' process server in the underlying lawsuit.

Appellees agree with the remainder of Mixon's asserted Statement of the Case.

## RECORD & APPENDIX REFERENCES

Appellees also rely on the Clerk's Record. Citation to the documents will be footnoted and pin-cited to "CR ##."

## STATEMENT OF ORAL ARGUMENT

Appellees agree that oral argument will not materially aid the Court's resolution of this appeal because Mixon testified he had no evidence to rebut the validly filed Affidavit of Service.

---

[1] "Mixon."

ISSUES PRESENTED FOR REVIEW

**Issue No. 1—Legal Sufficiency of Summary Judgment**: Texas law requires a bill of review Plaintiff to present corroborating evidence—beyond his own self-serving denial of service—to rebut the presumption that the Plaintiff was served. Mixon's sworn testimony admits he has no such corroborating evidence rebutting the Affidavit of Service. Accordingly, did Judge Triana properly grant no-evidence summary judgment on the bill of review? **Yes**.

**Issue No. 2—Attorneys Fees**: Texas law allows for the recovery of attorney's fees for successfully defending a bill of review proceeding when attorney's fees are available in the underlying lawsuit. In this case, the investors' claims in the underlying lawsuit—including Securities Act violations and breach of contract—allowed for the recovery of attorney's fees. Accordingly, did Judge Triana properly grant attorney's fees in the bill of review proceeding? **Yes.**

## STATEMENT OF FACTS

A.    *Underlying Case Background: Mixon stole Appellees' $200,000.00 investment.*

Appellees invested $200,000.00 in Mixon's "Nuwaris, Inc."[2] purported business venture based on Mixon's gross misrepresentations of fact.[3] Nuwaris (ostensibly) offered a Software-as-a-Service[4] licensing platform for the sports, music, and entertainment industries.[5] Mixon and his cohorts induced Appellees' investments by representing that they had already secured contracts with professional athletes[6] and musicians.[7] These representations were demonstrably false.

Further, the relevant subscription agreements Appellees and Mixon signed required that all monies funded (by Appellees) be held in escrow until **six** "units" ($50,000 each) were funded. If the requisite six units were not funded, then the monies were to be returned to the investors "without interest or penalty."[8] Appellees' **four** units were the only units ever funded. Nonetheless, the monies were not refunded and Mixon used Appellees' monies intended for the project for his own personal benefit.

---

[2] "Nuwaris."

[3] For a discussion of the facts making the basis of the underlying lawsuit, *see* CR 12-25.

[4] "SaaS."

[5] *See* CR 17.

[6] *E.g.*, Mixon represented that former University of Washington and Oakland Raider legend Lincoln Kennedy had already invested in the project—and was gathering 25 other former NFL players to participate. CR 28.

[7] For example, Kelly Rowland of Destiny's Child fame. CR 28.

[8] CR 30.

B.    *Pertinent Timeline of Events*

On June 24, 2013, Appellees filed the underlying lawsuit. Appellees made a number of service attempts on Mr. Mixon, to no avail.[9]

On September 25, 2013, Appellees filed a motion for substitute service on Mixon. The motion relied on utilities set up by Mixon's wife, Linda Komperda, at the same address as the attempted service of process—116 Cave Circle, Boerne, TX 78006. Judge Triana deferred ruling on the motion until Appellees presented evidence that Mixon resided at the address along with Ms. Komperda.[10]

Accordingly, on October 19, 2013, Plaintiffs served Ms. Komperda—at the 116 Cave Circle address—with a subpoena for deposition. Ms. Komperda filed a motion to quash the subpoena. Komperda's motion listed the 116 Cave Circle address.

On November 1, 2013, Judge Byrne heard Ms. Komperda's motion to quash and Plaintiff's renewed motion for substitute service. At the hearing, Ms. Komperda testified that Mixon lived with her at the 116 Cave Circle address: "[s]o he has not been served, my husband. He does live with me. … We live where we live."[11]

---

[9] *See* CR 61-63.

[10] *See* CR 52-52, 3:22-4:10 ("Judge Triana's staff attorney told us or told me that they wanted more evidence as to the fact that Mr. Mixon resided at the new 116 Cave Circle address with Ms. Komperda.").

[11] CR 54.

Based on Ms. Komperda's admission that Mixon resided at the 116 Cave Circle address with her, Judge Byrne granted Plaintiff's Motion for Substitute Service:

> MR. MCLEAN:   Thank you, your Honor. If you look at Exhibit 2 to our motion for substitute service, it shows that we have made a number of service attempts on Mr. Mixon at the 116 Cave Circle address. That issue is now pretty much moot. She just admitted on the record that he lives with her at that address.
>
> So based on that admission, I respectfully request the court grant Plaintiffs' motion for substitute service.
>
> THE COURT:   The court will grant the motion for substitute service[.][12]

Judge Byrne then entered an Order allowing substitute service by leaving a true and correct copy of the citation and petition on the front door of the 116 Cave Circle address.[13]

The following day, on November 2, 2013, Process Server Margarito Vasquez effectuated substituted service in exactly the manner authorized by Judge Byrne. Mr. Vasquez' Affidavit of Service states:

> I, MARGARITO VASQUEZ SCH2597 EXP 6-30-18, being duly sworn, depose and say that on the 2nd day of November, 2013, I:
>
> POSTED PER 106 ORDER signed by the [J]udge by securely attaching a true and correct copy of the CITATION AND PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE with the date and hour of service endorsed thereon

---

[12] CR 55.
[13] CR 57.

by me, to the front door of the property of GARY MIXON RESIDENCE at the address of: 116 Cave Circle, BOERNE, TX 78006[.][14]

Despite perfected service pursuant to the Court's Order, Mixon refused to answer Judgment Creditors' lawsuit. Accordingly, on January 17, 2014, Judgment Creditors obtained a Default Judgment against him.

Mixon continued to ignore the legal process. He could have, but did not, file a motion to reinstate or motion for new trial within 30 days of the Judgment. Mixon could have, but did not, file a direct or limited appeal within six months of the Judgment. Instead, although he had actual notice of the claims against him, Mixon failed to respond to anything until Plaintiff filed a motion to compel post-judgment discovery requests. Mixon filed a Motion to Set Aside the Judgment.[15] On September 18, 2014, Judge Meachum denied Mixon's motion to set aside and granted Appellees' motion to compel discovery.[16] Mixon then filed his petition for bill of review, making the basis of this appeal.

C. *Mixon's deposition testimony admits he has no competent evidence supporting his bill of review.*

Mixon presented for deposition (solely with regard to his claims in the bill of review) on November 25, 2014. In deposition, Mixon admitted that he was aware

---

[14] CR 59.
[15] CR 64.
[16] CR 76.

of the underlying lawsuit against him as early as October 19, 2013.[17] Mixon admits

that service attempts were made on him at the 116 Cave Circle address prior to

October 19, 2013.[18]

Most importantly, Mixon admitted he does not refute the Affidavit of Service

filed by Mr. Vasquez. He testified:

> Q. I'll show you what we'll mark as Exhibit 12. If you turn to the second page of Exhibit 12 and I'll tell you that this is the Affidavit of Service that Mr. Vazquez filed with the court?
>
> A. Okay.
>
> Q. And he states, 'I, Margarito Vasquez, SCH2597 EXP 6/30/16, being duly sworn, depose and say that on the 2nd day of November 2013 at 11:53 a.m., I posted per 106 Order signed by the judge by securely attaching a true and correct copy of the Citation and Plaintiff's Original Petition and Request for Disclosure with the date and hour of service endorsed thereon by me to the front door of the property of Gary Mixon residence at the address of 116 Cave Circle, Boerne, Texas 78006.' Do you see that?
>
> A. I do.
>
> Q. Again, you have no reason to doubt the truthfulness of Mr. Vasquez, do you?
>
> A. I do not question his statement. [19]

---

[17] Deposition of Gary Mixon, 16:19-21 ("Q. So you were aware on October 19, 2013 that you and your former company had been sued, correct? A. Yes, sir."). "Mixon Depo." CR 92-93.

[18] Mixon Depo., 20:9-13 ("Q. So you know that process servers were attempting to serve you at the 116 Cave Circle address when you saw Exhibit 9, correct? A. When the deposition information come for Linda is when I learned that process servers were attempting."). CR 93.

[19] Mixon Depo., 23:17-24:10. CR 94. *See also* Mixon Depo., 26:14-19, CR 95 ("Q. That's not my question. I'm going to have to object as nonresponsive. Are you testifying that Mr. Vasquez is not being truthful when he testified that he posted a copy of the citation and petition on your door on November 2, 2013? A. No, I'm not saying that."); 27:5-9, CR 95 ("But you don't have any evidence to indicate that he [Mr. Vasquez] is lying to the court when he testified

Mixon candidly admits he has absolutely no evidence to support his assertion that he was not properly served:

> Q.    Earlier you told me that you have no reason to dispute Mr. Vasquez's affidavit stating that he posted a copy of the petition and citation on your door on November 2, 2013, correct?
>
> A.    I did say that.
>
> Q.    So what proof do you have that you weren't served?
>
> A.    I'm just telling the truth as the events unfolded through this process.
>
> Q.    Okay. The court entered an Order of Substitute Service. You understand that now, correct?
>
> A.    I do.
>
> Q.    And you understand that Mr. Vasquez filed an affidavit with the court stating that he served you pursuant to that Judge Burns [sic, Byrne's] Order on November 2, 2013, correct?
>
> A.    Yes.
>
> Q.    Is there anything I'm missing? What other facts do you have showing this didn't happen?
>
> A.    I don't have any other facts.[20]

that he posted a copy of the citation and petition on your door on November 2, 2013? A. No, sir.").

[20] Mixon Depo., 31:10-32:3. CR 96.

D.     *Mixon's Recited Statement of Facts misrepresents the record.*

Mixon's Statement of Facts contains a number of misstatements of the record. First, Mixon's Statement of Facts asserts that "[a]t no point in time during the month of November did Mixon receive service of citation in the Underlying Lawsuit."[21] This assertion is false. As noted above, Mr. Vasquez posted the citation and petition on Mixon's front door—exactly as prescribed by Judge Byrne's order—on November 2, 2013. Further, because Mixon's brief admits he did not move out of the 116 Cave Circle address until "[l]ater that month",[22] his brief expressly concedes that he resided at the 116 Cave Circle address at the time of the effectuation of substituted service.

Second, Mixon's asserted Statement of Facts states "the Certificate of Last Known Address filed by Appellees identified the incorrect address for Mixon."[23] This statement is misleading. As outlined above, Komperda testified on November 1, 2013 that Mixon resided at the 116 Cave Circle address. That was the address listed on the Certificate of Last Known Address. Mixon's assertion insinuates that somehow it was Appellees' fault for Mixon's failure to notify them that he moved out of the 116 Cave Circle address *after* Mr. Vasquez effectuated service of process.

Third, Mixon's asserted Statement of Facts states:

---

[21] Brief of Appellant, p. 7.
[22] *Id.*
[23] *Id.*

Mixon did not immediately receive notice of the default judgment because all notices were sent to Mixon's previous addresses. (CR 140-141). Instead, Appellees deliberately waited until 30 days after the entry of the default judgment to attempt to serve Mixon with notice of the default judgment. (CR 121). However, Appellees once again served Mixon at the wrong address (CR 121).[24]

Mixon's assertions in this regard are disingenuous. Mixon's failure to arrange for mail to be forwarded to his new address (of which he failed to notify Appellees and the Clerk) is not Appellees' fault. Further, the **District Clerk** (not Appellees) sent notice of the Judgment to *both* the Persimmon address listed in the petition *and* the 116 Cave Circle address listed in the Certificate of Last Known Address.[25] Again, Mixon seems to argue it's Appellees' and the Clerk's fault for his failure to notify anyone of (and his apparent failure to arrange for mail to be forwarded to) his new address.

## SUMMARY OF THE ARGUMENT

1.    Judge Triana properly granted Appelleees' no-evidence motion for summary judgment. In a bill of review proceeding, Texas law states that the recitations asserted in an Affidavit of Service carry so much weight they cannot be overcome by the uncorroborated testimony of the bill of review petitioner. Texas law further states that the necessary corroborating evidence must be more than the petitioner's mere denial of service. In this case, Mixon's brief admits that the only

---

[24] *Id.*
[25] CR 140-141.

-10-

evidence proffered was nothing more than his mere denial of service. Further, Mixon testified in deposition that he had no evidence—let alone evidence sufficient to overcome such a high burden—to refute the assertions made in the Affidavit of Service.

2.     Judge Triana properly awarded Appellees attorney's fees for successfully defending Mixon's bill of review. Texas law is patently clear: attorney's fees are recoverable to the prevailing party in a bill of review proceeding if they would in the underlying lawsuit. Appellees' Securities Act and breach of contract claims in the underlying lawsuit provide for the recovery of attorney's fees at trial and on appeal. Accordingly, Judge Triana did not abuse her discretion in awarding fees for the successful defense of Mixon's bill of review.

## STANDARD OF REVIEW

A no-evidence motion for summary judgment is properly granted if, after time for adequate discovery, the movant asserts there is no evidence supporting one or more specified elements of a claim, and the non-movant produces no summary judgment evidence raising a genuine issue of material fact on those elements.[26] This

---

[26] *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 111 (Tex.App.—Dallas 2009, pet. denied) (citing TEX. R. CIV. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006)).

Court reviews Judge Triana's Order granting the no-evidence motion for summary judgment under a legal sufficiency standard of review.[27]

> [This Court should] sustain 'no evidence' or legal sufficiency challenges where (1) there is a complete absence of evidence of a vital fact (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact (3) the evidence offered to prove a vital fact is no more than a scintilla or (4) the evidence conclusively establishes the opposite of the vital fact.[28]

"Less than a scintilla of evidence exists when the evidence is so weak it does no more than create a surmise or suspicion of fact."[29] "Evidence so slight making an inference therefrom a guess is in legal effect no evidence."[30] The facts presented in response to summary judgment must be both material—that is, they need to affect the outcome[31]; and genuine—that is, a reasonable jury must be able to find the fact in Mixon's favor.[32]

With regard to the attorney's fees issue, this Court cannot overturn Judge Triana's award of attorney's fees "absent a clear abuse of discretion."[33]

---

[27] *Id.* at 111-12 ("Because a 'no evidence' summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard of review governing the latter.") (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003)).

[28] *Id.* at 112 (citing *Chapman*, 118 S.W.3d at 751).

[29] *Id*. (citing *Chapman*, 118 S.W.3d at 751).

[30] *Id*. (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)).

[31] *Rayon v. Engergy Specialties, Inc*., 121 S.W.3d 7, 11-12 (Tex.App.—Fort Worth 2002, no pet.) (citing *Lampasas v. Spring Ctr., Inc*., 988 S.W.2d 428, 433 (Tex.App.—Houston [14th Dist. 1999, no pet.)).

[32] *Id*. (citing *Lampasas*, 988 S.W.2d at 433).

[33] *Dias v. Dias*, Cause No. 12-12-00685, 2014 Tex.App. LEXIS 12676, at *22 (Tex.App.—Corpus Christi Nov. 25, 2014, rhr'g den.) (citing *Grynberg v. M-I, L.L.C.*, 398 S.W.3d 864, 880 (Tex.App.—Corpus Christi 2012, pet. denied)).

## LEGAL AUTHORITY & ARGUMENT

A.      *Judge Triana properly granted summary judgment because Mixon admits he has no corroborating proof that he was not served.*

A bill of review Plaintiff asserting lack of service bears a heavy burden of proving that he was not served.[34] "[T]he testimony of a bill of review plaintiff alone, without corroborating evidence, is insufficient to overcome the presumption that the plaintiff was served."[35] "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party."[36]

Mixon's cited authority does not support his assertions. Mixon asserts that *Sung Man Min v. Avila*[37] supports the contention that "[a]t the summary judgment stage, a petition's own testimony is 'some evidence of defective service of process.'"[38] Mixon's assertion is a gross overstatement of the law. Rather, *Sung Man Min* supports the opposite position: that corroborating evidence supporting a bill of review can't be the petitioner's mere denial of service. The Court explains:

> The prohibition against considering the challenger's evidence applies only if the evidence does not rise above the mere denial of service[.] The test of evidence, from whatever source is whether it demonstrates facts and circumstances that support, and thus corroborate, the challenger's claim.[39]

---

[34] *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004).

[35] *Id.* (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)).

[36] *Id.* at Fn. 3 (quoting *Silver*, 884 S.W.2d at 152).

[37] 991 S.W.2d 495 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

[38] Brief of Appellant, p. 18 (quoting *Sung Man Min*, 991 S.W.2d at 502).

[39] *Sung Man Min*, 991 S.W.2d. at 503.

Mixon in this case offers nothing more than a mere denial of service. He admits as much in his brief.[40] In doing so, Mixon appears to misunderstand the very concept of substituted service. Mixon's entire argument to deny that service was perfected is his assertion that he never received a copy of the citation and petition.[41] That's not the issue.

Judge Byrne issued an Order that service be "perfected by posting a true and correct copy of the citation and the attached petition on the front door of his residence, 116 Cave Circle, Boerne, Texas 78006."[42] Judge Byrne's Order is fully consistent with Rule 106.[43] Service was therefore perfected by Mr. Vasquez posting a copy of the citation and petition to Mixon's door, as confirmed in his Affidavit of Service. Mixon's assertion that he never received notice of it, despite being implausible at best, is of no legal consequence. The El Paso Court in *Perez v. Old W.*

---

[40] *See* Brief of Appellant, p. 13 ("Here, Mixon's affidavit and deposition testimony, despite being 'bare assertions' that he was never served …").

[41] *Id.* ("Specifically, Mixon produced evidence that he never received the citation purportedly attached to his front door. For example, Mixon testified in his deposition that he 'was never served.' … Mixon maintained that the best evidence of defective service is the fact that he never received the citation[.]").

[42] CR 57.

[43] *See, e.g., In re K.J.B.*, Cause No. 09-14-00324-CV, 2015 Tex.App. LEXIS 6477, at *15-17 (Tex.App.—Beaumont June 25, 2015, no pet. hist.) (citing *Perez v. Old W. Capital Co.*, 411 S.W.3d 66, 72-73 (Tex.App.—El Paso 2013, no pet.) (service by posting citation to main entry of defendant's residence was proper and complied with court's order authorizing substitute service)); *Sanders v. Sanders*, Cause No. 01-11-00010-CV, 2011 Tex.App. LEXIS 8532, at *7 (Tex.App.—Houston [1st Dist.] Oct. 27, 2011, no pet.) (same); *Williams v. Graffin*, Cause No. 11-05-00128-CV, 2006 Tex.App. LEXIS 9699, at *4-5 (Tex.App.—Eastland Nov. 9, 2006, no pet.) (same); *Pettigrew v. Recoveredge, L.P.*, Cause No. 05-97-00239-CV, 1997 Tex.App. LEXIS 4326 (Tex.App.—Dallas Aug. 15, 1997, no writ) (same).

*Capital Co.*[44] explained: "The Supreme Court of Texas has held that actual notice [of service] is not only unnecessary, but is in fact, contrary to Rule 106(b)'s underlying rationale[.]"[45]

Service was perfected the moment Mr. Vasquez posted the citation and petition to the door of Mixon's residence in accordance with Judge Byrne's Order. Mixon admits that he has no evidence controverting Mr. Vasquez' Affidavit of Service stating he performed that exact action. Mixon's hollow assertion he never received notice of the citation and petition—implausible as it is—holds no evidentiary or legal value.

Because Mixon's assertions that he "never received" a copy of the citation and petition are of no legal consequence, they are not material.[46] Even if they were material, Judge Triana correctly determined by granting summary judgment that the assertions were not genuine, because no reasonable jury could believe Mixon's far-fetched denial of notice.[47]

Mixon's reliance on *Langdon v. Gilbert*,[48] is likewise misplaced. In *Langdon*, this Court held that "[t]he bill-of-review petitioner bears the burden of proving that he

---

[44] 411 S.W.3d 66 (Tex.App.—El Paso 2013, no pet.).

[45] *Perez*, 411 S.W.3d at 71-72 (quoting *State Farm Fire and Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 2003)).

[46] That is, they do not affect the outcome. *Rayon*, 121 S.W.3d at 11-12.

[47] *Id.* (citing *Lampasas*, 988 S.W.2d at 433).

[48] Cause No. 03-14-00491-CV, 2014 Tex.App. LEXIS 13880 (Tex.App.—Austin Dec. 31, 2014, no pet.).

was not served with process."[49] In *Langdon*, the underlying Plaintiff served the Defendant—via certified mail—at the **incorrect** address through the Secretary of State's office.[50]

The Court held that the Bill of Review petitioner's affidavit—with a driver's license indicating the correct address—was "some" evidence of defective service, but still "inadequate to carry his burden of proof."[51]

That is not the situation presented in this case. While the *Langdon* Court focused on the petitioner's affidavit that service was effectuated at the wrong address, Mixon admits that perfected service as reflected in Mr. Vasquez' Affidavit of Service was performed at the proper address. Mixon's own affidavit confirms he did not move from the 116 Cave Circle address until *after* service was perfected on him by Mr. Vasquez leaving a copy of the citation and petition on 116 Cave Circle front door. The *Langdon* petitioner's affidavit did not involve a mere denial of service—rather, it concerned defective substitute service. In contrast, Mixon in this case admits that he has no evidence to rebut the Affidavit of Service stating that

---

[49] *Id*. at *6.

[50] *Id*. at *1-2 ("After several unsuccessful attempts to effect service of process by a local sheriff's office in New Jersey, Gilbert tendered service of process to the Texas Secretary of State pursuant to the substituted-service provisions in section 17.044 of the Civil Practices and Remedies Code. Gilbert notified the Secretary of State than Langdon's address for service of process was 275 2nd Avenue, Long Branch, NJ 07740. The Secretary of State certified that process had been sent by certified mail to the stated address but was returned as unclaimed. On March 19, 2014 Gilbert obtained a default judgment[.] … Langdon asserted that his correct address is actually 275 2nd Ave. <u>Front</u>, Long Branch, New Jersey, and that service of process to the address specified in the Secretary of State's certificate was therefore improper.") (emphasis in original).

[51] *Id*. at *7.

Mr. Vasquez properly served the citation and petition exactly as directed in Judge Byrne's Order. Mixon admits that his testimony (and his wife's affidavit) presents only a mere denial of service—evidence which the *Sung Man Min* Court confirmed is insufficient.

The standard of review as outlined above is instructive.[52] Judge Triana's grant of Appellees' no-evidence summary judgment was proper because:

1.      There is a complete absence of a vital fact—evidence rising above a mere denial of service. Mixon's brief admits that only a mere denial of service was proffered.[53]

2.      The Court is barred by rules of law and evidence (as outlined in the *Sung Man Min* case) from considering evidence constituting a mere denial of service, which Mixon's brief admits is all that is presented here.

3.      The evidence offered—even if it was of legal consequence—is no more than a mere scintilla because it is, simply, unbelievable. And,

4.      The evidence offered by Appellees—that Mixon testified that has no facts or other evidence rebutting the facts asserted in Mr. Vasquez' Affidavit of Service—conclusively establishes the already-strong "presumption that the plaintiff was served" via the "recitations in the return of service [which] carry so much

---

[52] *Plunkett*, 285 S.W.3d at 112 (citing *Chapman*, 118 S.W.3d at 751).
[53] *See* Brief of Appellant, p. 13 ("Here, Mixon's affidavit and deposition testimony, despite being 'bare assertions' that he was never served …").

weight they cannot be rebutted by the uncorroborated proof of the moving party."[54]

In light of the applicable law, and in light of Mixon's unequivocal admissions that he has no specific facts or evidence rebutting the recitations in Mr. Vasquez' Affidavit of Service, Judge Triana properly granted Appellees' no-evidence motion for summary judgment.

B.    *Judge Triana properly awarded attorney's fees because attorney's fees were recoverable in the underlying lawsuit.*

With regard to the attorney's fees issue, Mixon attempts to use faulty (albeit imaginative) logic to create a rule of law where none actually exists. Under Mixon's flawed logic, attorney's fees are *never* available in a bill of review proceeding when the petitioner challenges service of process (and thus does not have to present a meritorious defense). This is not the law.

Rather, the clear rule in Texas is the opposite: "A successful party in a bill of review is entitled to recover attorney's fees if attorney's fees are authorized in the prosecution or defense of the underlying case."[55] "More specifically, attorney's fees are available if they would have been available in an appeal of the underlying case."[56]

---

[54] *Caldwell*, 154 S.W.3d at 97.

[55] *Dias*, 2014 Tex.App. LEXIS 12676 at *22 (citing *Meece v. Moerbe*, 631 S.W.2d 729, 730 (Tex. 1982)).

[56] *Id*. (citing *State ex rel. Mattox v. Buentello*, 800 S.W.2d 320, 327 (Tex.App.—Corpus Christi 1990, no writ)).

Contrary to Mixon's assertions, nothing in *Meece* remotely suggests otherwise. In fact, the *Meece* Court *upheld* an award of attorney's fees for the bill of review appellee because "Meece would have been entitled to attorney's fees if Moerbe had been able to pursue the usual course of appeal."[57] That is exactly the situation presented here.

Mixon does not cite a single case—nor is there one—for the proposition that the bill of review proceeding requires a substantive analysis of the underlying lawsuit in order to recover fees. The clear rule is the opposite.[58]

In fact, Mixon's argument in this regard has been expressly addressed and rejected. The Fourth Court of Appeals in *Lowe v. Farm Credit Bank*[59] held:

> Lowe contends that the Supreme Court's hodling [in *Meece*] limits awards of attorney's fees in bill of review proceedings to instances in which the respondent is required to prove the claim for which the statute authorizes attorney's fees, i.e., the charging of the usurious interest rate. We disagree with this contention. The focus of the Supreme Court's holding is whether the statute authorizing the recovery of attorney's fees draws a distinction between an award of attorney's fees at trial and an award of attorney's fees on appeal. In the absence of such a distinction, attorney's fees are recoverable in a

---

[57] *Meece*, 631 S.W.2d at 730.

[58] *See, e.g., Dias, supra; Doolin's Harley-Davidson, Inc. v. Young*, Cause No. 06-05-00101-CV, 2006 Tex.App. LEXIS 116, at *8 (Tex.App.—Texarkana Jan. 6, 2006, no pet.) ("Attorney's fees are available to the prevailing party in a bill of review action if there is a legal basis for awarding them pursuant to the underlying cause of action"); *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 696 (Tex.App.—Corpus Christi 2000, pet. denied) ("attorney's fees are available to the successful party in a bill of review action if there is a legal basis for awarding them pursuant to the underlying cause of action.") (citing *Buentello, supra; Cortland Line Co., Inc. v. Israel*, 874 S.W.2d 178, 184 (Tex.App.—Houston [14th Dist.] 1992, writ denied)).

[59] 2 S.W.3d 293 (Tex.App.—San Antonio 1999, pet. denied).

bill of review proceeding to the same extent as attorney's fees were recoverable at trial.[60]

*Lowe* has been upheld by Texas Courts.[61]

In this case, Appellees asserted claims in the underlying lawsuit for violations of the Texas Securities Act and breach of contract. Both of these claims allow for the recovery of attorney's fees, and there is no distinction for fees on appeal.[62] Accordingly, Judge Triana properly awarded attorney's fees. She certainly didn't abuse her discretion in doing so.

## CONCLUSION & PRAYER

Judge Triana did not "refus[e] to acknowledge the fact issues raised by Mixon, effectively depriv[ing] Mixon of that right." Mixon's brief admits he proffered no more to Judge Triana than a mere denial of service. Mr. Vasquez's Affidavit of Service confirms he properly perfected service of process on Mixon by leaving a copy of the citation and petition on Mixon's door in accordance with Judge Byrne's Order. Mixon's own testimony admits he could present no facts or

---

[60] *Lowe*, 2 S.W.3d at 299 (citing *Meece*, 631 S.W.2d at 730; *Bakali v. Bakali*, 830 S.W.2d 251, 257 (Tex.App.—Dallas 1992, no writ); *Rodriguez v. Holmstrom*, 627 S.W.2d 198, 202-03 (Tex.App.—Austin 1981, no writ) (holding that bill of review is an appeal of the underlying judgment for purposes of attorney's fees)).

[61] *See, e.g., Dorrough v. Cantwell*, Cause No. 02-05-208-CV, 2006 Tex.App. LEXIS 6356, at *13 (Tex.App.—Fort Worth July 20, 2006, pet. denied) ("A party who successfully defends against a bill of review is entitled to recover attorney's fees if attorney's fees are authorized in the prosecution or defense of the underlying case.") (citing *Meece*, 631 S.W.2d at 730; *Lowe*, 2 S.W.3d at 299; *Bakali*, 830 S.W.2d at 257);

[62] *See* TEX. CIV. PRAC. & REM. CODE § 38.002 (attorney's fees recoverable for breach of contract); TEX. REV. STAT. ART. 581-33(D)(7) (Under the Securities Act, "[o]n rescission or as a part of damages, a buyer or seller may also recover reasonable attorney's fees if the court finds the recovery would be equitable under the circumstances.").

evidence to refute the Affidavit of Service. Accordingly, Judge Triana properly granted Appellees' no-evidence motion for summary judgment.

On attorney's fees, Texas' rule of law is crystal clear: if they are recoverable in the underlying lawsuit, they are recoverable for successfully defending a bill of review proceeding. Judge Triana properly awarded Appellees attorney's fees for successfully defending the bill of review. She certainly didn't display a clear abuse of discretion in doing so, necessary for overturning the award.

Accordingly, Appellees respectfully request the Court affirm Judge Triana's order in all respects.

Respectfully submitted this September 3, 2015.

MCLEANLAW PC
408 W 11th St., Ste. 500│Austin, TX 78701
p: 512.222.5641│f: 512.857.1282
e: mrm@mlpcfirm.com

By: _____

Mark R. McLean, TSB No. 24062882
Lead Counsel for Appellees

## CERTIFICATE OF COMPLIANCE

In compliance with TEX. R. APP. P. 9.4(i)(3), the undersigned certifies that this brief complies with the requirements of TEX. R. APP. P. 9.4(i)(2) because it contains 5,368 words prepared in Microsoft Word 2011 for Mac edition using 14-point Baskerville typeface (12 point font in footnotes), using one inch margins on all sides.

_____
Mark R. McLean, TSB No. 24062882


## CERTIFICATE OF SERVICE

Pursuant to TEX. R. APP. P. 9.5(c), the undersigned certifies that a true and correct copy of this brief and its attachments was served on all counsel of record as reflected below on September 3, 2015.

*Via Efile*
*Via Email: jskaggs@jw.com & sweatherford@jw.com*
Jack E. Skaggs
Scott W. Weatherford
JACKSON WALKER, L.L.P.
100 Congress, Ste. 1100
Austin, TX 78701
Attorneys for Appellant

*Via Efile*
*Via Email: jeffm@meyersonfirm.com*
Jeff M. Meyerson
THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Ln., Ste. 120
Austin, TX 78746
Co-counsel for Appellees

_____
Mark R. McLean, TSB No. 24062882

CAUSE No. 03-15-00287-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
At Austin

GARY MIXON,

Appellant,

v.

GREG NELSON, AS PRINCIPAL OF MADEX CAPITAL, LLC; NICK
DEFILIPPIS, AS PRINCIPAL OF BLUE STAR CAPITAL GROUP, LLP;
MICHAEL MORINI, AND NORMAN R. ZUKIS,

Appellees.

On Appeal from the 345th Judicial District Court of Travis County, Texas
The Honorable Gisela D. Triana, Presiding

APPELLEES' APPENDIX

TAB 1:        Judge Byrne's Order of Substitute Service(CR 57)

TAB 2:        Margarito Vasquez' Affidavit of Service (CR 59)

TAB 3:        Excerpts from the Deposition of Gary Mixon (CR95-96)

CAUSE No. D-1-GN-13-002098

| | | |
|---|---|---|
| GREG NELSON, as principal of MADEX CAPITAL, LLC; NICK DEFILIPPIS, as principal of BLUE STAR CAPITAL GROUP LLC; MICHAEL MORINI; and NORMAN R. ZUKIS, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| NUWARIS, INC.; GARY MIXON; MICHAEL SID; ARUN SEETHARAMAN; STEPHEN COLLINS; and SJC FINANCIAL SERVICES, an unknown and unregistered business entity, | § § § § § § | |
| Defendants. | § | 345th JUDICIAL DISTRICT |

## ORDERR GRANTING PLAINTIFFS' MOTION FOR SUBSTITUTE SERVICE

The Court, having heard Plaintiffs' Motion for Substitute Service, and oral argument, hereby GRANTS the same in its entirety. The Court ORDERS that service of process on Defendant Gary Mixon may be perfected by posting a true and correct copy of the citation and the attached petition on the front door of his residence, 116 Cave Circle, Boerne, Texas 78006.

Alternatively,

IT IS SO ORDERED.

Entered this ___1___ day of November, 2013.

THE HONORABLE JUDGE PRESIDING

# AFFIDAVIT OF SERVICE

| State of TEXAS | County of TRAVIS | 345th Judicial District Court |
|---|---|---|

Case Number: D-1-GN-13-002098

Plaintiff:
**GREG NELSON, ET AL**

vs.

Defendant:
**NUWARIS, INC., ET AL**

Received by Austin Process on the 10th day of July, 2013 at 2:20 pm to be served on **GARY MIXON, 116 Cave Circle, BOERNE, TX 78006**.

I, MARGARITO VASQUEZ SCH2597 EXP 6-30-16, being duly sworn, depose and say that on the **2nd day of November, 2013 at 11:53 am, I:**

**POSTED PER 106 ORDER signed by the judge** by securely attaching a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** with the date and hour of service endorsed thereon by me, to the front door of the property of GARY MIXON **RESIDENCE** at the address of: **116 Cave Circle, BOERNE, TX 78006**

I certify that I am over the age of 18, and of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 13th day of November, 2013 by the affiant who is personally known to me.

**NOTARY PUBLIC**

T. JAN WELLS
Notary Public, State of Texas
My Commission Expires
October 02, 2015

**MARGARITO VASQUEZ SCH2597 EXP 6-30-16**
SCH2597 EXP 6-30-16

**Austin Process**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: BBW-2013003673
Ref: 2822

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

TAB 2                    Exhibit 3    59

Page 22

there?

A. Yes, sir.

Q. I said, "Yeah. We'll withdraw our request for dispute based on that order. I have an order for the court as well." Do you see that?

A. I do.

Q. Did Ms. Komperda tell you that the court granted the Motion For Substitute Service when she came home from this hearing?

A. No. When she came home from this hearing I was with my boys and not physically there. However, she did call me to tell me that there was a Motion to Quash was quashed.

Q. But she didn't tell you that the court had granted substitute service on you?

A. She did not.

(Exhibit No. 11 was marked.)

BY MR. McLEAN:

Q. Let me show you what I'm marking as Exhibit 11. Have you seen Exhibit 11 before?

A. I do not recall seeing this document, no. No, in fact, I will say no.

Q. If you look at the top right-hand corner of Exhibit 11, do you see that it was filed on November 1, 2013?

Page 23

A. I see that here.

Q. It states, "The court, having heard Plaintiff's Motion For Substitute Service and Oral Argument hereby grant the same in its entirety. The court orders that service of process on defendant Gary Mixon may be perfected by posting a true and correct copy of the citation in the attached petition on the front door of his residence 116 Cave Circle, Boerne, Texas. Entered this 1st day of November 2013." I read that correctly, correct?

A. I believe so.

(Exhibit No. 12 was marked.)

BY MR. McLEAN:

Q. Your testimony is that Ms. Komperda did not tell you that the court entered substitute service?

A. That is my testimony, yeah.

Q. I show you what we'll mark as Exhibit 12. If you turn to the second page of Exhibit 12 and I'll tell you that this is the Affidavit of Service that Mr. Vasquez filed with the court?

A. Okay.

Q. And he states, "I, Margarito Vasquez, SCH2597 EXP 6/30/16, being duly sworn, depose and say that on the 2nd day of November 2013 at 11:53 a.m., I posted per 106 Order signed by the judge by securely attaching a

Page 24

true and correct copy of the Citation and Plaintiff's Original Petition and Request For Disclosure with the date and hour of service endorsed thereon by me to the front door of the property of Gary Mixon residence at the address of 116 Cave Circle, Boerne, Texas 78006." Do you see that?

A. I do.

Q. Again, you have no reason to doubt the truthfulness of Mr. Vasquez, do you?

A. I do not question his statement.

Q. If you go back to Exhibit, 4 which is your Bill of Review that you filed?

A. Yes.

Q. If you turn to the back, the last exhibit, which is your affidavit, do you see that?

A. I do.

Q. Paragraph 4 states, "On Wednesday, November 6, 2013 I called the clerk of the Travis County District Court to inquire whether their records showed that I had been served in Cause Number D-1-GN-13-002098 in the 345th Judicial District of Travis County, Texas. On that call, the clerk stated that I had not yet been served." Do you see that?

A. I do.

Q. The Affidavit of Service was filed on

Page 25

November 18, 2013, if you look back on Exhibit 12. Do you see that?

A. Which one? I'm sorry.

Q. Exhibit 12. On the top right-hand corner of the front page it says, "Filed with District Court of Travis County, Texas November 18, 2013." Do you see that?

A. I do.

Q. So you're telling me that Ms. Komperda didn't tell you that the court ordered substitute service on November 1st, but six days later -- and you didn't get a copy of the citation that Mr. Vasquez posted on your door on November 2nd, and November 6th you called the clerk of the court to ask if you had been served?

A. That is correct.

Q. Okay. So if she didn't tell you that the court had ordered substitute service and you didn't get the copy posted on your door, what prompted you to call the court and ask if you had been served?

A. Simply you were deposing my wife and you stated why.

Q. When the Motion to Quash hearing went she said -- the court said -- Judge Burns said, "I'm ordering substitute service"?

A. But I wasn't at the court. I apologize.

Q. You weren't. You're saying there's no

7 (Pages 22 to 25)

TAB 3                                    EXHIBIT A        94

Electronically signed by Janalyn Reeves (201-421-177-1012)        8b10ab1b-8d5f-4a0c-acec-4e9d955a92ff

if -- when you requested my deposition, that is when I filed?

Q. You filed the Bill of Review on what, October 20th?

A. I'm just saying there's no correlation I was filing the Bill of Review anyway regardless of why.

Q. Well, this was filed September 18th, you filed the Bill of Review on October 20th. There's no dispute about that?

A. Not disputing dates, no, sir.

Q. Now, on your Bill of Review which is Exhibit 4, your only allegation contained in the Bill of Review is that you were never served, correct?

A. That is correct.

Q. Paragraph 23 of the Bill of Review states, "Mixon was never served. Service of process was done via substitute service and in this instance was not effective to actually provide Mixon with service of process. Therefore, Mixon had no notice that his answer was due." Do you see?

A. Yeah -- I mean, no. Hold on. Where are we?

Q. It's Paragraph 23. It's page -- if you look at the top right -- or bottom left, it's Page 6 of the Bill of Review.

A. Yeah, Page 6.

Q. Yeah?

A. Okay. I'm on Page 6.

Q. Paragraph 23 at the bottom?

A. At the bottom, yes.

Q. It says, "Service of process was done via substitute service and in this instance was not effective to actually provide Mixon with service of process." Do you see that?

A. I do.

Q. Earlier you told me that you have no reason to dispute Mr. Vasquez's affidavit stating that he posted a copy of the petition and citation on your door on November 2, 2013, correct?

A. I did say that.

Q. So what proof do you have that you weren't served?

A. I'm just telling the truth as the events unfolded through this process.

Q. Okay. The court entered an Order of Substitute Service. You understand that now, correct?

A. I do.

Q. And you understand that Mr. Vasquez filed an affidavit with the court stating that he served you pursuant to that Judge Burns' Order on November 2, 2013, correct?

A. Yes.

Q. Is there anything I'm missing? What other facts do you have showing that this didn't happen?

A. I don't have any other facts.

Q. All right. So I just want to recap the time line, then I think I'm done. On June 28, 2013 a lawsuit was filed against you. You understand that now?

A. Yes, sir.

Q. On October 19, 2013 your wife was served with a deposition subpoena and you stated that was the first date you learned of this lawsuit, correct?

A. Yes.

Q. On October 24th you received a Motion For Substitute Service, correct?

A. Yes.

Q. On November 1st your wife was in courtroom when Judge Burns entered the Order Granting Substitute Service, correct?

A. Yes.

Q. On November 2nd Mr. Vasquez testified that he posted a copy of the petition and citation to your door at the 116 Cave Circle address, correct?

A. I understand that now.

Q. On November 6, 2013 you called the clerk to see if the return of service had been filed, correct?

A. I called the clerk to see if I was being served.

Q. Okay. On November 6, 2013 you called the clerk regarding service on you, correct?

A. Yes, sir.

Q. When you called the clerk, did she say it might take a week or so?

A. It was a male.

Q. Did he say it might take a week or so?

A. He explained in great detail. He asked me who I was and asked for the case number.

Q. Did he state that it might take a week or so?

A. He did not state that.

Q. What did he state regarding the time frame?

A. He stated -- it was a long answer. Can I give you the long answer or just the yes or no? He did not -- he did not say it would take a week or so.

Q. What did he state regarding the time frame?

A. That there was a process and it could be anywhere from three days to the next ten days given where this constable is located.

Q. And you understood that on November 18th, 2013 the Affidavit of Service was actually filed with the court?

A. I did not know that, no.

Q. Well, you know that now, correct?

TAB 3                                                          EXHIBIT A    96

Electronically signed by Janalyn Reeves (201-421-177-1012)                    8b10ab1b-8d5f-4a0c-acec-4e9d955a92ff